**GOVERNMENT OF the VIRGIN ISLANDS**

v.

**Robert DOWLING, Appellant.**

**No. 88–3324.**

United States Court of Appeals, Third Circuit.

Argued Dec. 8, 1988.

Decided Jan. 27, 1989.

---

Robert L. Tucker (argued), Federal Public Defender, Christiansted, St. Croix U.S. A. V.I., for appellant.

Terry M. Halpern, U.S. Atty., Roland Jarvis (argued), Asst. U.S. Atty., D. Virgin Islands, Christiansted, St. Croix U.S.A. V.I., for appellee.

Before GREENBERG, SCIRICA, and WEIS, Circuit Judges.

## OPINION OF THE COURT

WEIS, Circuit Judge.

In this appeal defendant contends that the Sentencing Guidelines promulgated by the United States Sentencing Commission apply to offenses under the Virgin Islands Code tried in the District Court of the Virgin Islands. Finding no indication in the federal statutes that the Guidelines are applicable to a local offense, we agree with the District Court that they do not govern the sentence imposed on defendant. Accordingly, we will affirm the judgment of the District Court.

Convicted for grand larceny, defendant was sentenced to a six-year term of impris-onment. He appeals both the conviction and the sentence imposed.

After an evening of "barhopping" in Christiansted, St. Croix, on December 26, 1987, a group of friends was standing on the sidewalk outside a nightclub when defendant ran up to the group and snatched a gold chain from the neck of one of the individuals. Defendant fled in an automobile, but the victim was able to secure information from a bystander about the car and its owner.

Later that evening, the victim went to the police station to check on the progress of the investigation. While speaking to one of the officers, the victim noticed defendant in a holding cell and identified him as the man who had stolen the gold chain. Apparently, defendant had been taken into custody on an unrelated charge. He makes no contention that this confrontation with the victim was a suggestive staging by the police.

The case was tried to a jury that heard somewhat conflicting testimony as to the date, time, and location of the offense, as well as the size of the gold chain. The jury, nonetheless, found defendant guilty of committing grand larceny.

At sentencing, the district judge refused to apply the Guidelines adopted pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551–3586 (Supp. II 1984 & Supp. IV 1986) & 28 U.S.C. §§ 991–998 (Supp. IV 1986), and instead, imposed a greater sentence as permitted by the Virgin Islands grand larceny statute, V.I.Code Ann. tit. 14, § 1083. The judge's decision was consistent with his earlier holding in *Government of the Virgin Islands v. Davis*, Crim. No. 88–00018 (D.V.I.1988), *appeal filed*, No. 88–3603 (3d Cir. Sept. 1, 1988), currently pending before this Court.

On appeal, defendant contends that the verdict was against the weight of the evidence. He points to variations between the police report and the testimony at trial with respect to the date of the offense as establishing the unreliability of the government's case. In addition, he notes the discrepancies in the various descriptions of the length of the gold chain as

listed in the police report and during presentation of the evidence in court. The reasons for these variations in the proofs were explained during the trial and are typical of inconsistencies whose resolution is entrusted to a jury.

We find no basis in the defendant's arguments for impugning the verdict. Where there is substantial evidence to support the conviction, we must affirm. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *Government of the Virgin Islands v. Gereau*, 502 F.2d 914, 930 (3d Cir.1974), *cert. denied*, 420 U.S. 909, 95 S.Ct. 829, 42 L.Ed.2d 839 (1975).

Defendant also contends that the District Court erred in failing to impose a sentence in accordance with the Guidelines promulgated by the United States Sentencing Commission. *See* Sentencing Guidelines for United States Courts, 52 Fed.Reg. 44,-673 (1987). Whether the Guidelines apply to the District Court of the Virgin Islands for convictions of local offenses is an issue of first impression in this Court. Its resolution is a matter of substantial importance to the administration of the criminal justice system in the Virgin Islands.

Defendant attacks his sentence on three fronts. First, he contends that the application of the Sentencing Reform Act to "an offense described in any Federal statute," 18 U.S.C. § 3551(a) (Supp. IV 1986), reaches crimes listed in the Virgin Islands Code that are similar to federal offenses. Second, he asserts that the court's failure to apply the Guidelines deprived him of equal protection. Finally, he urges us to exercise our supervisory power to require the District Court to follow the Sentencing Guidelines for crimes committed in violation of Virgin Islands law.

## I.

An understanding of the issues raised by defendant requires a brief discussion of the Virgin Islands governmental structure. The United States acquired the Virgin Islands from Denmark in 1917, establishing a territorial government similar to that of the old Danish colonial system. *See* Organic Act of the Virgin Islands of the United States, ch. 669, 49 Stat. 1807 (1936). In response to the substantial political and economic changes that had occurred in the area over the years, Congress in 1954 provided a new basic charter of civil government by enacting the Revised Organic Act of the Virgin Islands, 48 U.S.C. §§ 1541–1644. This Act designated the Virgin Islands as an unincorporated territory and provided for a modernized governmental framework within the Islands. Congress intended to establish a system with a substantial degree of "self-government and autonomy." S.Rep. No. 1271, 83d Cong., 2d Sess., *reprinted in* 1954 U.S.Code Cong. & Admin.News 2585, 2593. *See Water Isle Hotel & Beach Club, Ltd. v. Kon Tiki St. Thomas, Inc.*, 795 F.2d 325, 327 (3d Cir. 1986); *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051 (3d Cir.1982).

The Revised Organic Act provides that "[t]he legislative authority and power of the Virgin Islands shall extend to all rightful subjects of legislation not inconsistent with this Act or the laws of the United States made applicable to the Virgin Islands." 48 U.S.C. § 1574(a). Utilizing this grant of autonomy, the Virgin Islands legislature has enacted a criminal code modeled after that of the states in the continental United States. V.I.Code Ann. tit. 14, §§ 1–2256 (1964 & Supp.1987).

The Revised Organic Act also provides for a judicial system consisting of the District Court of the Virgin Islands and the Territorial Court of the Virgin Islands. 48 U.S.C. §§ 1611–1617 (1982 & Supp. IV 1986). The District Court is an Article I court of record staffed by district judges appointed by the President of the United States. 48 U.S.C. §§ 1611(a), 1614(a) (Supp. IV. 1986). The Virgin Islands legislature established the Territorial Court, whose judges are appointed by the Governor. V.I.Code Ann. tit. 4, §§ 2, 72(a) (Supp. 1987).

The criminal jurisdiction of the District Court extends to offenses punishable by federal law, 18 U.S.C. § 3241, and to certain offenses under Virgin Islands law, 48 U.S.C. § 1612(a)–(c) (Supp. IV 1986). The

court has concurrent jurisdiction with the Territorial Court over other crimes included within the Virgins Islands Code. *Id.* § 1612(c). The crime of grand larceny is one of those within the jurisdiction of the District Court.

Under the statutory scheme currently in operation, it appears that the Territorial Court has concurrent jurisdiction with the District Court over offenses for which the maximum penalty is less than five years imprisonment. 1976 V.I.Sess.Laws No. 3876, § 2. The Virgin Islands legislature has amended this provision, conferring concurrent jurisdiction to crimes where the maximum sentence does not exceed imprisonment for fifteen years. 1984 V.I.Sess. Laws No. 5040, § 3, *amended by* 1985 V.I. Sess.Laws No. 5045, § 1. Subsequent amendments apparently have delayed the effective date of this fifteen-year provision until October 1, 1990. 1986 V.I.Sess.Laws No. 5206, § 107. *See* V.I.Code Ann. tit. 4 § 76(b) (Supp.1987). Grand larceny is punishable by imprisonment of not more than ten years. V.I.Code Ann. tit. 14, § 1083.

## II.

As established by the Sentencing Reform Act of 1984, the United States Sentencing Commission is comprised of seven voting members, at least three of whom must be federal judges, and the Attorney General or his designee as a non-voting ex officio member. 28 U.S.C. § 991(a) (Supp. IV 1986). The President appoints the voting members with the advice and consent of the Senate. The Commission is authorized to "promulgate and distribute to all courts of the United States" guidelines "for use of a sentencing court in determining the sentence to be imposed in a criminal case." *Id.* § 994(a)(1). While noting that the Sentencing Guidelines substantially limit the discretion that district judges can exercise over sentencing, the Supreme Court has held that the Sentencing Reform Act and the Guidelines adopted by the Commission survive constitutional challenge. *Mistretta v. United States*, — U.S. ——, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). *See United States v. Frank*, 864 F.2d 992 (3d Cir.1988).

The Sentencing Reform Act provides for applicability of the Guidelines in the following terms: "Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute, other than an Act of Congress applicable exclusively in the District of Columbia or the Uniform Code of Military Justice, shall be sentenced in accordance with the provisions of this chapter...." 18 U.S.C. § 3551(a).

## III.

With these statutory provisions in the background, we then come to a consideration of the issue presented, namely, whether the Sentencing Guidelines apply to convictions for violations of the Virgin Islands criminal code in cases tried in the District Court of the Virgin Islands. Nothing in the Sentencing Reform Act specifically addresses the question.

### A.

■ The fact that many offenses against the Virgin Islands Code may be prosecuted in either the District Court or the Territorial Court is a unique circumstance that must be considered in resolving the issue before us. Unlike United States District Courts, the District Court of the Virgin Islands adjudicates cases charging violations of both federal and local law. That being so, if the Guidelines must be used in one court but not in the other, the prosecutor would have the option of choosing what range of punishment could be imposed for the particular crime. That would be an anomalous situation, out of the mainstream of criminal law administration.

It becomes of some moment, therefore, to determine if the Guidelines apply in the Territorial Court. We find no indication that Congress planned to affect sentencing in that court of local jurisdiction. The Sentencing Reform Act consistently refers to "the court" in discussing the application of the Guidelines. However, with respect to the effective date of the statute, an accom-

panying provision makes reference to "the district court." Act of Oct. 12, 1984, Pub. L. No. 98–473, § 235(b)(4), 98 Stat. 2033.

We are persuaded that Congress intended the Act to regulate sentencing in Article III courts. In this respect, the legislative history is replete with references to "Federal system," "Federal judges," "Federal offenders," "Federal criminal cases," "Federal criminal justice system," "Federal Courts," "Federal sentencing law." *See* S.Rep. No. 225, 98th Cong., 2d Sess. 37, 38, 39, 46, 49, *reprinted in* 1984 U.S.Code Cong. & Admin.News 3182, 3220, 3221, 3222, 3229, 3232. In none of the available materials is there any indication that Congress intended to reach violations of criminal statutes enacted by the territorial legislature or tried in the Territorial Court.

To accept the defendant's contention that the Guidelines govern in the Territorial Court would require that we read into the Sentencing Reform Act a provision that is not there, and in so doing, impinge upon the autonomy granted the Virgin Islands legislature by the Revised Organic Act. We are not convinced that Congress intended to abrogate such a fundamental aspect of the Organic Act by mere implication.

It is significant that when Congress intends various phases of criminal procedure and evidence to be applicable to the Virgin Islands, specific language is used. Both Federal Rule of Evidence 1101(a) and Federal Rule of Criminal Procedure 54(a) explicitly state that "[t]hese rules apply to ... the District Court of the Virgin Islands." The latter rule is especially noteworthy in that it makes a distinction with local law, evincing Congressional awareness of potential differences between the federal rules and those of the Islands.

Moreover, Federal Rule of Criminal Procedure 1 provides that these rules govern in "the courts of the United States, as provided in Rule 54(a)," which, as noted above, explicitly mentions the District Court of the Virgin Islands. Congressional practice, therefore, has been to specifically designate the District Court of the Virgin Islands when a statute is to be applied there.

Although defendant finds comfort in the Sentencing Reform Act's use of the wording, "an offense described in any Federal statute," 18 U.S.C. § 3551(a), we think the language immediately following it is adverse to his position. The statute specifically excludes acts of Congress that are "applicable exclusively in the District of Columbia or the Uniform Code of Military Justice." *Id.* The sense of that proviso, as we read it, is to limit the reach of the statute to Congressional enactments other than those solely provided for in the two listed jurisdictions. By logical extrapolation, the Sentencing Reform Act does not reach acts made criminal by legislative bodies other than Congress. Because grand larceny is an offense proscribed by the Virgin Islands legislature, the defendant's conviction is, therefore, not within the scope of the Sentencing Reform Act.

Furthermore, as we noted in *Frank*, the Guidelines restrict the discretion that district judges formerly possessed in the sentencing function. *Frank*, 864 F.2d at 1008. That limitation of traditional judicial power should not be expansively construed, but instead, limited to the setting clearly articulated in the statute.

Defendant points to the Assimilative Crimes Act, 18 U.S.C. § 13, as Congressional approval of district courts' adjudicating offenses that are violations of state or territorial law. This statute provides that within areas under federal jurisdiction— such as Indian reservations and military reservations—persons committing offenses not punishable by an act of Congress but which would be criminal under local, state, or territorial law if committed just outside the federal tract, may be found guilty of an offense.[1] In interpreting this statute, the

---

1. The Assimilative Crimes Act reads in full: "Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in

Supreme Court stated in *United States v. Sharpnack*, 355 U.S. 286, 293, 78 S.Ct. 291, 295–96, 2 L.Ed.2d 282 (1958), "Congress has thus ... provided that within each federal enclave, to the extent that offenses are not pre-empted by congressional enactments, there shall be complete current conformity with the criminal laws of the respective States in which the enclaves are situated."

The inapplicability of that statute to the matter at hand is clear enough. Here, defendant committed the offense of grand larceny not in a federal enclave, but on land within the jurisdiction of the Virgin Islands legislature. This case does not present a situation where a gap in federal law must be filled by incorporation of local law. Rather, the prosecution here is for a breach of territorial law committed in a geographical area within that legislature's reach.

In summary, the failure of the Sentencing Reform Act to mention territorial law, the frequent references in the legislative history to federal criminal law, the policy of narrowly construing any statutory limitation on judicial discretion, the stated aim of the Revised Organic Act to provide substantial political autonomy to the Virgin Islands, and the anomalous result that could follow by applying the Guidelines in one court but not in another with concurrent jurisdiction, persuade us that the Sentencing Guidelines do not apply to violations of the Virgin Islands criminal code committed in areas within the jurisdiction of the Virgin Islands government. That result obtains whether the crimes are prosecuted in either the District Court of the Virgin Islands or in the Territorial Court.

### B.

Defendant also asserts that refusing to apply the Sentencing Guidelines to his case results in a denial of equal protection because the sentence imposed under Virgin Islands law is substantially more severe than that called for by the federal pro-

gram. This claim is the converse of that which would be presented if a person prosecuted in the Territorial Court complained that his sentence in that forum was more than what he would have received under the Guidelines were he tried in the District Court. In either situation, the equal protection challenge falls short.

■ For purposes of our discussion here, we will assume, without deciding, that the Equal Protection clause applies in the Virgin Islands to this federal statute, recognizing that it is not the Fourteenth Amendment but the Fifth Amendment that applies to Congress, and that the latter amendment does not contain an Equal Protection clause. *See Water Isle Hotel & Beach Club, Ltd. v. Kon Tiki St. Thomas, Inc.*, 795 F.2d 325, 327 (3d Cir.1986). *Cf. Examining Bd. of Eng'rs v. Flores de Otero*, 426 U.S. 572, 601 n. 33, 96 S.Ct. 2264, 2281 n. 33, 49 L.Ed.2d 65 (1976) ("[W]e do not imply that [due process and equal protection] are always interchangeable phrases. But, as this Court has recognized, discrimination may be so unjustifiable as to be violative of due process") (quoting *Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954)). In reviewing an equal protection claim arising in the Virgin Islands, it is important to remember that under the Territory Clause of the Constitution, Congress may treat the Islands differently than states if there is a rational basis for the action. *Harris v. Rosario*, 446 U.S. 651, 651–52, 100 S.Ct. 1929, 1929–30, 64 L.Ed.2d 587 (1980).

■ We think the equal protection challenge fails here because in the area of criminal law, Congress has chosen to treat the Virgin Islands generally as if it were a state. That is, the Virgin Islands legislature has been authorized to promulgate a criminal code not inconsistent with federal law and to prosecute those offenses in the Territorial Court as well as the District Court. From that standpoint, the situation is not unlike that existing between the

---

force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment."

18 U.S.C. § 13.

states and the federal government where different penalties for the same type of offense do not constitute a violation of equal protection. *See United States v. Wanoskia,* 800 F.2d 235, 239 (10th Cir. 1986).

The Revised Organic Act recognizes the functional equivalence of the Virgin Islands courts to state courts, declaring, "[t]he relations between the courts established by the Constitution or laws of the United States and the courts established by local law ... shall be governed by the laws of the United States pertaining to the relations between the courts of the United States ... and the courts of the several States...." 48 U.S.C. § 1613 (Supp. IV 1986). *See In re Estate of Hooper,* 359 F.2d 569, 578 (3d Cir.), *cert. denied,* 385 U.S. 903, 87 S.Ct. 206, 17 L.Ed.2d 133 (1966) (while Territory of Virgin Islands is not "sovereign," Revised Organic Act confers upon it "attributes of autonomy" similar to those of state); *see also West Indian Co. v. Government of the Virgin Islands,* 844 F.2d 1007, 1016 n. 15 (3d Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 31, 102 L.Ed.2d 11 (1988) (Virgin Islands Government treated like state government insofar as its contractual obligations are at stake); *Water Isle Hotel & Beach Club, Ltd.,* 795 F.2d at 327 ("Congress has steadily increased the scope of self-government granted to the Virgin Islands").

It is noteworthy that the Sentencing Reform statute specifically excludes from its coverage acts of Congress applicable to criminal offenses in the District of Columbia. That is a more clear-cut example of disparate treatment than the case here, because the same legislative body, Congress, applies the Guidelines to some offenses but not to others under its jurisdiction.

The defendant's contention here is similar to that rejected in *United States v. Santiago,* 576 F.2d 562 (3d Cir.1978) (per curiam). There, we held that the Equal Protection clause did not require Congress to extend the more favorable sentencing provisions under the Youth Corrections Act, 18 U.S.C. §§ 5005–5026 (repealed 1984), to offenses committed within the Virgin Islands. That case is controlling here. As we noted in *Santiago,* "Congress is not obliged to extend the provisions of every federal statute to the territories." *Santiago,* 576 F.2d at 563.

C.

Finally, defendant asks us to exercise our supervisory power to require the District Court to apply the Guidelines to sentences imposed for violations of Virgin Islands law. Having found that Congress did not intend to apply the Guidelines to the territory, it would be inappropriate for us to take that step. We decline to do so.

The judgment of the District Court will be affirmed.