Daniel M. Scott, Federal Public Defender, Minneapolis, Minn., for defendant.

UNITED STATES of America, Plaintiff,

v.

Patrick A. NORQUAY, Defendant.

No. Cr. 6–88–98.

United States District Court,
D. Minnesota,
Sixth Division.

March 28, 1989.

## ORDER

DEVITT, District Judge.

The defendant and the government submit for the court's determination the issue of whether the federal sentencing guidelines apply to violations of the Major Indian Crimes Act, 18 U.S.C. § 1153. The court concludes that the federal guidelines do not apply and defendant is properly sentenced under state law.

Defendant pleaded guilty to a charge of burglary in violation of the Indian Major Crimes Act, 18 U.S.C. § 1153, which provides in part:

Offense committed within Indian Country

(a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, ... burglary ... shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

(b) Any offense referred to in subsection (a) of this section that is not defined and punished by federal law in force within the exclusive jurisdiction of the United States shall be defined and punished in accordance with the laws of the state in which such offense was committed as are in force at the time of such offense.

This section does not define the offense of burglary, thus it adopts the definition of the offense and the punishment provisions from the state in which the crime occurred. The relevant state statute in this case is Minn.Stat. § 609.582 which defines burglary and provides the punishment for the offense.

The government argues that the sweeping reforms made by the Sentencing Reform Act of 1984 indicate a congressional intent that the new sentencing guidelines apply in cases in which state laws are incorporated into federal statutes. The defendant argues that the language of § 1153 unequivocally requires that he be sentenced under state law and that the Sen-

tencing Reform Act of 1984 does nothing to alter this requirement.

The Sentencing Reform Act of 1984 has a broad application and provides in § 3551 that:

Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute, other than an Act of Congress applicable exclusively to the District of Columbia or the Uniform Code of Military Justice, shall be sentenced in accordance with the provisions of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case.

18 U.S.C. § 3551.

The issue presented for our determination is whether this language, broadly applying the sentencing guidelines to federal offenses, repeals by implication the language of 18 U.S.C. § 1153 which requires that a defendant be sentenced under state law.

■ General rules of statutory interpretation direct that when a statute is enacted that irreconcilably conflicts with an earlier statute, the later enacted statute governs and the conflicting portions of the earlier statute are deemed to have been repealed. *Watt v. Alaska,* 451 U.S. 259, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981). However, if two statutes are capable of coexistence and there is no indication of a congressional intent to repeal the earlier statute, it is the duty of the courts to regard each as effective. *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984); *Wood v. Fiedler,* 548 F.2d 216 (8th Cir.1977).

■ The statutory language of § 3551 clearly recognizes a class of federal offenses which are to be excepted from the sentencing guidelines. The government argues that, despite this exceptions language, the underlying purpose of the Sentencing Reform Act of providing uniformity, honesty and proportionality in sentencing indicates a congressional intent that the sen-

tencing guidelines apply to defendants convicted under the Indian Major Crimes Act. In support of this argument, the government points to the commentary accompanying guidelines section 245.1, written by the Sentencing Commission. The government also relies on a line of precedent holding that prisoners who had been convicted and punished under the Assimilative Crimes Act are governed by federal standards for the imposition of parole. *See e.g., United States v. Binder,* 769 F.2d 595 (9th Cir. 1985); *United States v. Pinto,* 755 F.2d 150 (10th Cir.1985).

Defendant argues that the exceptions language of 18 U.S.C. § 3551(a) clearly applies to crimes which are defined by state law under the Indian Major Crimes Act. Defendant further argues that no inference can be made of congressional intent to revoke the state sentencing provisions of the act because the act was amended in 1986, after passage of the Sentencing Reform Act, and the language was left unchanged. Defendant also argues that considerations of fairness and the policy goals behind the incorporation of state punishment into the Major Crimes Act require use of state law for sentencing so that the sentence an offender receives for a crime committed on Indian lands does not depend on whether or not the defendant is an Indian.

For the most part, the arguments of the parties miss the mark. The issue is whether Congress has clearly expressed an intent in the Sentencing Reform Act that defendants convicted of crimes under the Indian Major Crimes Act be sentenced under the federal sentencing guidelines instead of the provisions of the Major Crimes Act. No such intent is clear from the language of the Sentencing Reform Act and the court may not ignore the dictates of the Major Crimes Act absent a clear indication from Congress that such a result was intended by passage of the Sentencing Reform Act.

There is no reported case law which decides whether state or federal sentencing law should be applied to defendant. However, two recent decisions which explore the limits on the application of the sentenc-

ing guidelines suggest that state sentencing law should be applied in this case.

In *United States v. Richards*, No. 88–9005M–01, 1988 WL 123140 (D.Kan. October 21, 1988) (available on Lexis at 1988 U.S.Dist. LEXIS 15101), the district court considered whether the sentencing guidelines are applicable to crimes under the Assimilative Crimes Act. The Assimilative Crimes Act, codified at 18 U.S.C. § 13, provides:

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punished if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to like punishment.

Similarly to the Major Crimes Act, the Assimilative Crimes Act has been interpreted to require imposition of sentences under the applicable state law. *United States v. King*, 824 F.2d 313, 315–316 (4th Cir.1987); *United States v. Mayberry*, 774 F.2d 1018, 1020 (10th Cir.1985); *United States v. Smith*, 574 F.2d 988, 992 (9th Cir.1978).

The court in *Richards* considered the argument that is raised by the government here that the Sentencing Reform Act repeals by implication the state punishment provisions of the earlier statute. The court rejected the argument, finding that the Assimilative Crimes Act's policy of treating criminal acts committed on federal property or property under federal jurisdiction as if they had been committed in the surrounding state would be compromised by application of the federal guidelines to the Act. *Richards, supra.* The court reached this conclusion despite the language of sentencing guideline 245.1 and the related commentary which indicates that the guidelines do apply to assimilative crimes, stating:

> [T]he commission cannot amend or repeal laws, only Congress can. Congress has not amended the ACA [Assimilative Crimes Act] by applying the sentencing guidelines to assimilative crimes.

*Richards, supra.*

In *Government of the Virgin Islands v. Dowling*, 866 F.2d 610 (3d Cir.1989), the Court of Appeals for the Third Circuit held that the sentencing guidelines do not apply to defendants convicted in the district courts for violation of territorial crimes. The court found that while under 48 U.S.C. § 1612(a)–(c) the criminal jurisdiction of the district courts extends to many offenses defined under territorial law, that the Sentencing Reform Act could not be read as supplanting the punishment provision of the territorial laws for prosecutions in the district court.

The courts in *Richards* and *Dowling* recognize that while the reforms enacted by the Sentencing Reform Act are broad, there are circumstances in which a defendant convicted in a federal district court is not properly sentenced under the guidelines. In doing so, these courts merely interpreted the clear language of § 3551(a) which states that in some cases federal law provides for sentencing outside the guidelines system. Absent any clear indication that Congress intended to revoke the punishment provisions of the Indian Major Crimes Act, this court must decline to sentence this and other defendants convicted under that Act in accordance with the federal sentencing guidelines.