**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ronald HOLMES, also known as Ronnie Holmes, Defendant–Appellant.**

No. 99–1974.

United States Court of Appeals, Sixth Circuit.

March 21, 2001.

Before COLE and GILMAN, Circuit Judges, ALDRICH, District Judge.[*]

### ORDER

Ronald Holmes appeals his judgment of conviction and sentence. The parties have expressly waived oral argument pursuant to Rule 34(j)(3), Rules of the Sixth Circuit, and we agree that oral argument is not necessary. *See* Fed. R.App. P. 34(a).

Holmes pleaded guilty to a charge of bank robbery, a violation of 18 U.S.C. § 2113(a). The district court sentenced Holmes to 170 months of imprisonment, the term contemplated in Holmes's plea agreement, to be followed by two years of supervised release. The district court or-

dered Holmes to pay $5,070 in restitution to the bank he robbed.

In his timely appeal, Holmes argues: (1) that his 170–month sentence is unconstitutional because it is–(a) disproportionate to his crime, (b) not individualized, and (c) greater than the sentence he would have received under Michigan law; and (2) that the presentence report contained misleading and inaccurate information.

■■■ Upon review, we conclude that Holmes's tripartite proportionality contention is meritless. First, this court does not review a proportionality claim unless death penalty or life imprisonment without parole is implicated. *United States v. Thomas,* 49 F.3d 253, 261 (6th Cir.1995). Second, Holmes possesses no constitutional right to individualized sentencing. *Id.* Third, Michigan's penalties for Holmes's crime are not relevant. *See Government of Virgin Islands v. Dowling,* 866 F.2d 610, 615–16 (3d Cir.1989) (concluding that different penalties under federal and state law for the same type of offense do not constitute a violation of equal protection). A wide disparity between sentencing schemes of different jurisdictions does not violate equal protection, even where two persons who commit the same crime are subject to different sentences. *See United States v. Kinsey,* 843 F.2d 383, 393–94 (9th Cir.1988).

■ Holmes has forfeited his challenges to the accuracy of the presentence report. *See United States v. Kincaide,* 145 F.3d 771, 784 (6th Cir.1998), *cert. denied,* 525 U.S. 1166, 119 S.Ct. 1085, 143 L.Ed.2d 86 (1999). The record reflects that Holmes knowingly and voluntarily accepted the 170–month sentence, which was specified in the plea agreement. Holmes registered no objections to the presentence report

---

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

upon its issuance or at sentencing. Under these circumstances, Holmes has forfeited his challenge to the content of the presentence report. *Id.*

For the foregoing reasons, we affirm the district court's judgment.