

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2005

# USA v. Nisbett

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1282

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Nisbett" (2005). *2005 Decisions.* Paper 1551.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1551

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 04-1282 & 04-1283

———

UNITED STATES OF AMERICA

v.

LEON MARTIN NISBETT

Leon M. Nisbett,

Appellant

———

On Appeal from the
District Court of the Virgin Islands
(D.C. Criminal Nos. 03-cr-00021 & 02-cr-00125)
District Judge: Honorable Thomas K. Moore

———

Argued December 13, 2004

Before: SLOVITER, FUENTES, and GREENBERG, Circuit Judges.

(Filed January 26, 2005)

George H. Hodge, Jr. (Argued)
P.O. Box 803
Charlotte Amalie, St. Thomas
U.S. Virgin Islands 00804

        Attorney for Appellant

Bruce Z. Marshack (Argued)
U.S. Attorney's Office
1108 King Street, Suite 201
Christiansted, St. Croix
U.S. Virgin Islands 00820


      Attorney for Appellee

## OPINION OF THE COURT

——

FUENTES, <u>Circuit Judge</u>.

Leon M. Nisbett was convicted of one federal offense and one Virgin Islands offense in the District Court of the Virgin Islands. He was sentenced under the U.S. Sentencing Guidelines with respect to the federal charge and under the penalty provisions of the Virgin Islands criminal code for the local charge, with the sentences running consecutively, as mandated by federal statute. He contends that the District Court erred in not applying the U.S. Sentencing Guidelines to both charges, using the most analogous federal charge to the local charge. He also challenges the consecutive running of the sentences, arguing that, under the sentencing guidelines, the charges should be grouped, leading to a shorter total sentence. We find that the District Court correctly applied our precedent, in using the federal guidelines for the

federal charge and the local penalty provisions for the local charge. Accordingly, the grouping section of the federal guidelines is inapplicable to the offenses. Therefore, we will affirm the District Court.

## I.

Leon M. Nisbett was arrested while attempting to enter an adult entertainment bar because the officer conducting a pat-down search discovered an unlicensed firearm. The serial number on the firearm had been obliterated. Nisbett admitted that he was carrying the weapon for protection and had come to the area in order to purchase drugs.

Nisbett was eventually indicted on both federal and Virgin Islands charges of unlicensed gun possession. After failing to appear at his first trial, Nisbett was apprehended in Georgia and extradited to the Virgin Islands for trial. He was re-indicted for the gun charges and a federal failure to appear charge was added. A jury convicted him on the Virgin Islands gun charge and the federal failure to appear charge, but could not reach a decision on the federal gun charge.

The probation office prepared a pre-sentencing report, to

which Nisbett made several objections, including an assertion that the federal sentencing guidelines (the "Guidelines") must be applied to both charges (using the most closely analogous gun possession charge in the Guidelines as a substitute for the Virgin Islands charge). The government conceded on a couple of points regarding the statutory range with respect to the gun charge, but rejected Nisbett's Guidelines argument. The District Court agreed with the government, using the Guidelines to sentence Nisbett for 10 months on the failure to appear charge and the penalty provisions of the Virgin Islands criminal code to sentence him to 2 years on the gun charge, and ordered that the sentences run consecutively, as directed by the federal failure to appear statute. Nisbett appeals his sentence, arguing that the District Court should have used the Guidelines for both offenses and grouped the charges under the teachings of the Guidelines.

## II.

### A. Use of the Guidelines and the Virgin Islands Criminal Code in the District Court

The question whether, in the District Court of the Virgin Islands, sentences for local crimes should be determined under the

penalty provisions of the Virgin Islands Code or the Guidelines was answered by this Court in Government of the Virgin Islands v. Dowling, 866 F.2d 610 (1989). Dowling involved a sentencing before the District Court of the Virgin Islands, as it existed before the 1993 restriction on its jurisdiction, discussed below. This Court noted that "[u]nlike United States District Courts, the District Court of the Virgin Islands adjudicates cases charging violations of both federal and local law" and that "many offenses against the Virgin Islands Code may be prosecuted in either the District Court or the Territorial Court." Id. at 613. Reasoning that "if the Guidelines must be used in one court but not in the other, the prosecutor would have the option of choosing what range of punishment could be imposed for the particular crime" and that this would be an anomalous result, we held that "the Sentencing Guidelines do not apply to violations of the Virgin Islands criminal code committed in areas within the jurisdiction of the Virgin Islands government." Id. at 613-15.

Nisbett argues that the holding of the case was directly tied to the jurisdictional framework of the District Court of the Virgin Islands as it existed at that time, and that subsequent changes in

that framework render its holding without force. Before 1994, the District Court of the Virgin Islands and the Territorial Court of the Virgin Islands shared concurrent jurisdiction over local (Virgin Islands) crimes. See Parrott v. Gov't of V.I., 230 F.3d 615, 622 (3d Cir. 2000). However, by a 1993 act of the Virgin Islands legislature, the District Court was divested of original jurisdiction over local crimes. Id. "The one limitation on this general separation of jurisdiction for local criminal matters is when a charged local crime relates to federal crimes as well. In that instance, the District Court retains concurrent jurisdiction." Id. at 622 n.10. Nisbett submits that the change in jurisdiction somehow transformed the District Court of the Virgin Islands into a District Court of the United States. He seizes on language in Parrott discussing the effects of the 1984 amendments to the Virgin Islands Organic Act, stating that "[b]y virtue of these amendments, the District Court now possesses the jurisdiction of a 'District Court of the United States.'" See Parrott, 230 F.3d at 619. He also reads the statement in Dowling that "[w]e are persuaded that Congress intended the Act to regulate sentencing in Article III courts" to mean that, because the Virgin Islands district court is not an Article

6

III court, the Guidelines do not apply in it. <u>See</u> <u>Dowling</u>, at 866 F.2d at 614. Thus, he reasons, now that it is a U.S. district court, it is an Article III court and the Guidelines must apply to everything in that court. However, both premises of his argument are incorrect. The amendments to the Organic Act that caused the <u>Parrott</u> Court to liken the Virgin Islands court to a U.S. district court took place in 1984, not in 1993, and thus predated <u>Dowling</u>, and therefore the idea that the 1993 jurisdictional change fundamentally alters <u>Dowling</u>'s analysis is flawed. <u>See</u> <u>Parrott</u>, 230 F.3d at 619. Secondly, the <u>Dowling</u> Court's reference to Article III courts was made to show why the Guidelines could not be applied in Territorial Court, in order to explain why they could not be applied to local crimes in federal court (because of the inconsistency referred to above).

Accordingly, in <u>United States v. Simmonds</u>, which was decided after the 1994 change in jurisdiction on facts that took place after 1994, this Court cited <u>Dowling</u> for the proposition that "the Sentencing Guidelines do not apply with respect to territorial criminal offenses tried in the District Court of the Virgin Islands." 235 F.3d 826, 835 (2000). Thus, under the reasoning detailed

7

above and the directly applicable binding precedent of <u>Simmonds</u>, this Court must reject Nisbett's argument with respect to the application of the Guidelines to the Virgin Islands offense, as it took place within the Virgin Islands.

### B. The Consecutive Running of the Sentences

Nisbett also challenges the District Court's decision to run his sentences consecutively, arguing that the Guidelines counsel in favor grouping them and accordingly adjusting the offense level of the gun charge. He cites to an application note in the Guidelines, which states that a failure to appear conviction should be treated as an obstruction of justice conviction (§ 3C1.1) and grouped with a conviction for the underlying offense and treated under § 5G1.2 of the Guidelines, which concerns sentencing on multiple counts. Treated as such, the failure to appear count increases the offense level of the underlying count by 2 levels. The judge then determines the "total sentence" from the Guideline range indicated from the adjusted offense level. Then, when parsing the sentence, the judge apportions some amount of the sentence to the underlying count and the rest to the failure to appear charge, in order to satisfy the consecutive sentencing requirement of 18 U.S.C. § 3146. <u>See</u>

§ 3146(b)(2) (mandating that sentences for failure to appear charges be run consecutively to sentences for other charges); <u>see also</u> <u>United States v. Pardo</u>, 25 F.3d 1187, 1193 (3d Cir. 1994) (explaining this grouping concept).

The entire argument, however, is framed in a context in which the Guidelines are applied to the Virgin Islands gun charge, as requested by Nisbett, but rejected in the previous section of this opinion. Thus, because the Guidelines should not be applied to that charge, it is not possible to "group" the charges under the Guidelines, as the Virgin Islands charge has no offense level, rendering a 2 level upward adjustment without meaning. For this reason, the argument must be rejected.

## III.

For the reasons explained above, Nisbett's challenges to the District Court's sentencing are without merit. Accordingly, we will AFFIRM the sentence given by the District Court.