**ISLAND PERIODICALS, INC., Plaintiff**

**v.**

**ANTHONY P. OLIVE, Director of the Bureau of Internal Revenue, an Agency of the Government of the Virgin Islands, Defendant**

Civil No. 88-98

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 24, 1991

KEVIN P. SWEENY, ESQ., St. Thomas, V.I., *for plaintiff*

GERALD SIMS, ESQ., Assistant Attorney General (Department of Justice), St. Thomas, V.I., *for defendant*

GILES, *U.S. District Judge, Sitting by Designation*

## ORDER

AND NOW this 24th day of April, 1991 it is hereby ORDERED that upon consideration of plaintiff's motion for summary judgment

and defendant's response thereto, plaintiff's motion is GRANTED for the reasons that follow.

1. The parties have stipulated to the following facts. Defendant has been imposing excise taxes on paperback books that plaintiff imports into the Virgin Islands. Plaintiff has been paying these taxes but prior to commencement of this action told defendant that it did not believe the taxes were properly imposed. Plaintiff argues that they are "permanently bound volumes" exempted from the tax under V.I. Code Ann. tit. 33, § 42(e). Defendant disagrees and states that paperbacks have limited endurance and a shorter longevity than hard backs.

2. Resolving this case requires interpretation of the meaning of "permanently bound volumes" as termed in V.I. Code Ann. tit. 33, § 42(e). This court must look to the plain meaning of the statute. If the meaning is susceptible to more than one interpretation, the court must look to the legislative history of the statute.

3. Here, the language is unambiguous. Its plain meaning exempts permanently bound volumes of reading material containing no advertisements from the excise tax. Defendant does not argue that the books are not bound volumes, or that they contain advertisements but rather that because they are paperback, they will not survive as long as hard cover. However, this interpretation is unreasonable and tortures the language of the statute. Defendant admits that "permanent" means "lasting or intended to last indefinitely without change." Paperbacks also may last indefinitely without change. That they may not last as long as hard covers cannot be decisive. The statute does not define "permanent" as hard covers, nor does it distinguish between hard cover and paperback volumes. Defendant has provided no evidence to support a finding that the language is ambiguous or that the legislature intended the interpretation adopted in this case.

4. Accordingly, Judgment is hereby entered in favor of plaintiff and against defendant.