**WILBERT WILLIAMS, MD, Petitioner**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, BOARD OF MEDICAL EXAMINERS, Respondent**

Case No. SX-08-CV-602

Superior Court of the Virgin Islands

Division of St. Croix

June 10, 2009

JOEL H. HOLT, ESQ., Joel H. Holt, Esq., P.C., Christiansted, USVI, *Attorney for Petitioner*.

AQUANNETTE Y. CHINNERY-MONTELL, ESQ., Office of the Attorney General, St. Thomas, USVI, *Attorney for Respondent*.

DONOHUE, SR., *Presiding Judge*

## MEMORANDUM OPINION

(June 10, 2009)

**THIS MATTER** is before the Court on a Petition for Writ of Review and a Motion for Rule 15(d) Relief filed on December 10, 2008 and a Motion for a Temporary Restraining Order filed on December 22, 2008 by Petitioner, Wilbert Williams, M.D. Respondent, Government of the Virgin Islands (hereinafter "Government"), has filed Oppositions and Petitioner has filed Replies thereto.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Wilbert Williams, M.D., has practiced medicine in St. Croix, U.S. Virgin Islands since 1983. On April 15, 2005, Williams treated Lydia Ventura in his office. At some point during the office visit, Ms. Ventura became unresponsive and emergency medical personnel were called. Ms. Ventura was transported to the Gov. Juan F. Luis Hospital and Medical Center where she subsequently died several days later. The Virgin Islands Board of Medical Examiners (hereinafter "Board") received information regarding Williams' treatment of Ms. Ventura. On May 31, 2005, the Board sent Williams a notice requesting his presence at a show cause hearing to be held on June 9, 2005. After the show cause hearing was held, the Board then issued a one-year suspension of Williams' license to practice medicine on June 17, 2005.

On June 28, 2005, Williams filed a Complaint in the Superior Court of the Virgin Islands[1] alleging due process violations regarding the Board's hearing and challenging its decision to suspend his license. Williams motioned the Superior Court for a temporary restraining order (hereinafter "TRO") to prohibit the Board from suspending his medical license. A hearing was held on June 30, 2005 and another hearing was

---

[1] *Wilbert Williams, M.D. v. Gov. of the VI, et. al.*, SX-05-CV-434.

scheduled for July 6, 2005. The Government filed a Motion to Continue the hearing until July 13, 2005. Before the Court ruled on the Motion, Williams filed a Notice of Dismissal on July 7, 2005, which was granted on the same date.

On July 8, 2005, Williams filed a Complaint in the District Court of the Virgin Islands. Williams sought a TRO enjoining the Board from enforcing its decision of suspending Williams' license. The TRO was issued by the District Court on July 12, 2005 and a hearing was scheduled for August 5, 2005. On July 14, 2005, however, the Board sent Williams a notice of a new show cause hearing, which was held on September 12, 2005. After the second hearing, the Board issued a Final Order dated January 26, 2006, revoking Williams' license to practice medicine in the U.S. Virgin Islands for life.

Williams sought another TRO in the District Court to enjoin the enforcement of the Board's decision, which was granted on March 10, 2006. At a hearing on March 30, 2006, the Parties stipulated to an extension on the TRO until further order of the Court. Evidentiary hearings were then held in 2007 and 2008 to determine whether the Court was required to dismiss Williams' case pursuant to the *Younger* or abstention doctrine.[2] By order of the District Court on December 8, 2008, the Court dismissed Williams' case pursuant to the *Younger* or abstention doctrine, basically stating that the District Court would abstain from hearing the matter. Thereafter, Williams filed a Petition for Writ of Review and a Motion for Rule 15(d) Relief on December 10, 2008 and a Motion for a Temporary Restraining Order on December 22, 2008 in the Superior Court of the Virgin Islands.

On January 7, 2009, the Court held a hearing on the Motion for a Temporary Restraining Order in which the issue of jurisdiction arose. The Court ordered the Parties to file individual briefs addressing the issue of the Court's jurisdiction. Also on January 7, 2009, the Government filed an Opposition to both the Motion for Temporary Restraining Order and the Motion for Rule 15(d) Relief. Williams filed a Reply to Government's

---

[2] "Abstention is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or agency will have the opportunity to decide the matters at issue." *Williams v. Gov't of Virgin Islands*, 50 V.I. 852, 859 (D.V.I. 2008) (quoting *Kentucky West Virginia Gas Co. v. Pennsylvania Public Utility Comm'n*, 791 F.2d 1111, 1114 (3d Cir.1986)).

Opposition to Rule 15(d) Relief and Motion for Temporary Restraining Order. On January 8, 2009, the Parties submitted their respective briefs on the issue of the Court's jurisdiction. The Government also filed a Motion to Dismiss, Williams filed a Response, and the Government filed a Reply thereto. On January 29, 2009, Williams filed a Supplemental Motion Re Jurisdiction and on February 12, 2009, the Government filed its Response.

## II. STANDARD

### Superior Court Rule 15 — Writs of Review

> A writ of review may be granted by the Court upon the petition of any person aggrieved by the decision or determination of an officer, board, commission, authority, or tribunal. Such petition shall be filed within 30 days after the date of the decision or determination complained of and shall recite such decision or determination and set forth the errors alleged to have been committed therein. . . .

SUPER. CT. R. 15(a).

The Court has jurisdiction over a petition for writ of review filed more than 30 days after the decision complained of, where the petition was filed within 30 days of when the decision was received by the petitioner. *Tip Top Constr., Inc. v. Dep't. of Prop. & Procurement*, 41 V.I. 72 (Super Ct. 1999). The Court lacks jurisdiction to entertain untimely petitions for writ of review. *In re Hodge*, 16 V.I. 548 (Terr. Ct. 1979). Moreover, since an untimely filing deprives the court of its jurisdiction, it will be dismissed for lack of jurisdiction. *See Pichardo v. Comm'r of Labor*, 49 V.I. 447, 451 (V.I. 2008) (citing *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 2366, 168 L. Ed. 2d 96 (2007)).

## III. DISCUSSION and ANALYSIS

Before the Court can address the merits of the Petition for Writ of Review, the Court must first determine whether it has jurisdiction to hear the Petition. In doing so, the Court will address the Parties' arguments in their jurisdictional briefs, dismissal briefs, and Rule 15(d) relief briefs.

### A. Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367(d)

Williams argues that where a plaintiff has filed a complaint with both federal and local law causes of action and where the District Court has

declined jurisdiction, 28 U.S.C. § 1367(d) applies. Williams contends that 28 U.S.C. § 1367(d) automatically tolls or provides an extension for him to file his petition for writ of review for 30 days from the date of the District Court's dismissal order. He claims that after the District Court dismissed his action on December 8, 2008, he timely filed his petition for writ of review on December 10, 2008, well within the 30-day tolling period.

■ 28 United States Code, Section 1367 provides in pertinent part:

> (a) [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. . . .

> (d) The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

28 U.S.C. § 1367(a), (d). Supplemental jurisdiction applies when the plaintiff has asserted both federal claims and state law claims in a federal court. In the case at bar, Williams filed his Complaint in the District Court on or about July 5, 2005. In his five-count Complaint, Williams alleges due process violations of the Fourteenth Amendment to the U.S. Constitution.[3] None of Williams' claims, however, are based upon state (territorial) law. In his Complaint, Williams only raised claims which the District Court had original jurisdiction over. The District Court could not exert supplemental jurisdiction over state law claims that were never raised. Case law would have supported Williams' position if he had indeed raised state law claims and the District Court had considered asserting supplemental jurisdiction over those claims. This was not the case. Consequently, 28 U.S.C. § 1367(d) is inapplicable to this case and Williams cannot take advantage of its 30-day tolling provision.

---

[3] Title 42 U.S.C. § 11112, Title 42 U.S.C. § 1983, and Title 15 U.S.C. §§ 3, 15.

## B. Williams' Pending Third Circuit Appeal

Williams argues that because the District Court denied his request to keep the preliminary injunction in place pending appeal, the Superior Court is the only other venue in which he can seek relief, specifically allowing him to continue practicing medicine until the merits of the petition or the appeal are heard. Williams points to an excerpt following 28 U.S.C. § 1367 to support the contention that there is no prohibition on a party from proceeding in state court while at the same time pursuing an appeal in a related matter in federal court. The excerpt provides:

> The dismissal moment should be taken to be the moment of dismissal in the district court. Even if an appeal is taken to a court of appeals from the district court dismissal, the party whose claim has been dismissed under § 1367 does best to commence the state action within the prescribed time measured from the district court dismissal, and not from some later appellate affirmance of it.

■ As previously discussed, in his District Court complaint, Williams only raised claims which the District Court had original jurisdiction over. Since Williams raised no state law claims, 28 U.S.C. § 1367 is inapplicable to this case.

## C. Commencement of Action Stayed by Injunction Pursuant to Title 5 V.I.C. § 38

Williams appears to be arguing that the Parties' stipulated injunction in the District Court should have stayed the commencement of the present action or more specifically, the running of Superior Court Rule 15's 30-day time limit to file a petition for writ of review. Williams argues that as long as the Board was enjoined from enforcing its Order, "there was no case in controversy pursuant to which [he] would have standing to file such a writ since the order was not enforceable at that time." Pet.'s Jurisdictional Br., 5. He contends that "5 V.I.C. § 38 was intended to exclude from any limitations period any time during which an injunction was in place that would not allow the suit to go forward." *Id.* That being the case, Williams argues that from March 10, 2006 until December 8, 2008, his claim was not ripe and that he would not have had standing to challenge the Board's Order.

When interpreting the Virgin Islands Code, a court must first look to the plain meaning of the statute. *Island Periodicals, Inc. v. Olive*, 26 V.I.

258, 762 F. Supp. 1234 (D.V.I. 1992). Further where a statute is clear and unambiguous, a court must interpret it as written. *Christopher v. Davis Beach Co.*, 29 V.I. 388, 15 F.3d 38 (3d. Cir. 1993) (citing *United States v. Clark*, 454 U.S. 555, 102 S. Ct. 805, 70 L. Ed. 2d 768 (1982) (holding the court need not consult other indicia of intent or meaning when the literal meaning of the statute is plain or clear and unambiguous)). "Courts must presume that a legislature says in a statute what it means and means in a statute what it says there. Consequently, *the first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case.* When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Joseph v. People of Virgin Islands*, 50 V.I. 873, 881 (D.V.I. App. Div. 2008) (emphasis added) (internal quotation marks and internal citations omitted). *See also Gov't of Virgin Islands v. Santiago*, 798 F. Supp. 274, 279, 27 V.I. 232 (D.V.I. 1992) (holding "if the statutory language is unambiguous, its plain meaning is regarded as conclusive except in rare and exceptional circumstances.") (internal quotation marks and citations omitted).

■ Title 5, Section 38 of the Virgin Islands Code provides: "When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time for the commencement of action." V.I. CODE ANN. tit. 5, § 38. The Court finds that this language is unambiguous.

■ Of particular importance to this matter is the use of the phrases "commencement of an action" and "stayed by injunction." *Id.* According to Rule 22 of the Superior Court Rules, "commencement of an action" is deemed to be when a complaint is filed with the Court.[4] According to Black's Law Dictionary (hereinafter "Black's"), a "stay" means the "postponement or halting of a proceeding, judgment, or the like." BLACK'S LAW DICTIONARY 1453 (8th ed. 2004). Black's defines "injunction" as a "court order commanding or preventing an action." *Id.* at 800. Thus, section 38 provides that when the commencement of an action is stayed by an injunction or by an applicable statutory prohibition,

---

[4] Superior Court Rule 22 provides that "[a] civil action is commenced by filing a complaint with the court." SUPER. CT. R. 22. Superior Court Rule 22 closely mirrors Rule 3 of the Federal Rules of Civil Procedure Rule providing "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3.

the statute of limitations that would normally bar the commencement of the action would be tolled by the period of the stay. That is, from the time when (1) an injunction was entered or (2) the statutory prohibition took effect would not be counted against the plaintiff in commencing an action.

Because of the recent dismissal of his District Court case, Williams presently seeks to invoke section 38 and have this Court entertain his petition on the basis that the stipulated injunction in the District Court stayed the commencement of the present action. He contends that the 30-day time limit to file a petition for writ of review pursuant to Superior Court Rule 15 was tolled. Williams' interpretation of the section 38, however, is far-reaching and unsupported by the unambiguous language of the statute.

Furthermore, while there has been no ruling on the application on section 38 in this jurisdiction, a look at an identical tolling statute from the state of Illinois and the Illinois Court's application of that statute demonstrates why Williams' interpretation is misplaced. Illinois Code § 13-216 titled "Stay of action" provides "When the commencement of an action is stayed by injunction, order of a court, or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." ILL. COMP. STAT. ANN., 735 ILCS 5/13-216.

Illinois Courts have applied the tolling statute both where there was a mandatory statutory prohibition that required the exhaustion of administrative remedies[5] and also where there was an injunction issued by the Court. The facts in *Bixby's Food Systems v. McKay, Inc.*, 2001 U.S. Dist. LEXIS 3355, [WL] (N.D. Ill. March 20, 2001) illustrate the proper application of the statute. In *Bixby's Food Systems*, a plaintiff argued that the defendants' counterclaim was time-barred by a one-year statute of limitations. The Court held that the defendants' counterclaim was timely

---

[5] *See Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (holding "[t]here can be no question that a federal court applying Illinois law must toll the statute of limitations if a 'statutory prohibition' exists that prevents a plaintiff's cause of action."); *see also Santiago v. Snyder*, 211 Fed. Appx. 478, 480 (7th Cir. 2006) (holding "Section 13-216 tolls the statute of limitations when a claim is 'statutorily prohibited,' and the Prison Litigation Reform Act prohibits prisoners from filing suit under § 1983 unless they first exhaust administrative remedies...."). In *Johnson v. Rivera*, the Court explained "[t]olling statutes are designed to avoid a 'procedural catch 22,' in which a statute or court order prevents a potential plaintiff from properly filing a cause of action." *Johnson*, 272 F.3d at 521.

filed by operation of the Illinois tolling provision. The Court indicated that the magistrate judge had stayed all matters including the defendants' filing an answer pending settlement efforts. Subsequently, he allowed the defendants to file their answer, affirmative defenses, and counterclaims. Therefore, "[b]y issuing a stay of all matters, including the filing of an answer, the statute of limitations on the [Defendants'] counterclaim was tolled until the stay was lifted." *Id.* at *6.

██ The facts in this matter are contrary to those in *Bixby's Food Systems*. Unlike in *Bixby's Food Systems*, where there was a commencement of an action and a ruling by a judge in the same Court staying all matters, in the present matter there was no commencement of an action in the Superior Court and in turn, no stay by injunction was requested nor issued by this Court. There was only an injunction issued by the District Court some two years prior to the commencement of this action. Based on Williams' facts, in order for him to have taken advantage of section 38, he would have first had to commence an action — that is, he would have had to file his petition for writ of review in the Superior Court and second, petition the court for an injunction to stay that action while he pursued his other remedies.[6] Williams' choice to pursue an action in the District Court and the injunction that flowed from that action cannot be construed as a stay by injunction of commencement of the instant matter under section 38. This interpretation as applied to Williams' facts is at odds with the language of the statute.

Moreover, to accept Williams' argument would essentially mean that an injunction issued in District Court or any other court would toll the commencement of an action in Superior Court without regard to the intent or effect of such an order. The Court does not find that this was the intended result of this statute. Williams has not provided this Court with any evidence to support ambiguity in the language of the statute. As a result, absent no controlling authority except the plain meaning of the statute, the Court finds that Section 38 of Title 5 of the Virgin Islands Code is inapplicable to the case at bar.

---

[6] The Court expresses no opinion on whether that course of action would have yielded different results.

## D. Superior Court Rule 15 — Writs of Review

### 1. Service

The Government asserts that Williams and his counsel were served with the Board's Order via certified mail, return receipt requested. To the contrary, Williams argues that his counsel was never served with the Board's order and he (Williams) did not receive the Board's decision until March 7, 2006. Williams contends, therefore, that the time for filing the petition for writ of review has not been triggered because the Board never served his counsel with a copy of the Board's decision. He cites *In re Disciplinary Proceedings Hodge*, 16 V.I. 548 (Terr. Ct. 1979) for the proposition that when a party is represented by an attorney, orders and papers must be served on the attorney. The Government, however, argues that both Williams and his counsel were served with the Board's decision by certified mail, return receipt requested.

■ The copy of the return receipt submitted by the Government indicates that Iris Williams signed for the Order on behalf of Williams' office on March 7, 2006. Regarding Williams' counsel, the copy of the return receipt submitted by the Government indicates that someone from the counsel's office signed for the Order but did not indicate the date it was signed for.[7] Having reviewed the certified mail receipt and return receipts filed, the Court finds that this evidence demonstrates that someone on behalf of Williams' counsel did indeed sign for the Order, and therefore, Williams' counsel is deemed to have received notice of the Board's decision. Thus, Williams' argument fails.

### 2. Statutory Guidance — Title 5 V.I.C. § 1421

The Government also argues that Williams' petition for writ of review is untimely filed before this Court. The Government further argues that Williams had the opportunity to file his petition for writ of review within the 30-day time limit but instead opted to file a claim in the District Court. That being the case, the actions of the District Court (granting the injunction) had no effect on the time in which Williams was required to file his petition for writ of review in the Superior Court. Since there are no tolling or stay provisions that would allow the Rule 15 time limit to be tolled or stayed, Williams' petition is untimely.

---

[7] The name of the individual who signed for the order could not be discerned by the Court.

Title 5 of the Virgin Islands Code, Chapter 97. Writ of Review, Section 1421 provides:

### § 1421 Proceedings and orders reviewable

*Any party to any proceeding before or by any* officer, ***board***, commission, authority, or tribunal *may have the decision or determination thereof reviewed for errors therein as prescribed in this chapter and rules of court. . . .*

V.I. CODE ANN. tit. 5, § 1421 (emphasis added).

Superior Court Rule 15 derives from Title 5 V.I.C. § 1421, *et. seq.* Section 1421, however, prescribes no time limit in which to file a petition for writ of review. The time limit of 30 days to file the petition is mandated by Superior Court Rule 15. Rule 15, in pertinent part, provides that a petition for writ of review "shall be filed within 30 days after the date of the decision or determination complained of . . . ." SUPER. CT. R. 15(a).

■ As an initial matter, the Court must determine whether Superior Court Rule 15, as prescribed by Title 5 V.I.C. § 1421, *et. seq.*, is jurisdictional or whether it is analogous to a statute of limitations. "When the time to appeal or seek review is established by statute, timeliness is a jurisdictional issue, therefore, a petition filed out of time deprives the court of jurisdiction to entertain the appeal." *Pichardo*, 49 V.I. at 450. On the other hand, procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion. . . . *Riegel v. Medtronic, Inc.*, 552 U.S. 804, 128 S. Ct. 349, 350, 169 L. Ed. 2d 7 (2007) (quoting Stern & Gressman, Supreme Court Practice 350 (8th ed. 2002)) (quotation marks omitted).

■ In *V.I. Coalition of Citizens with Disabilities, Inc. v. Gov't*, 47 V.I. 315 (Super. Ct. 2005), the Court stated that " 'a procedural rule was defined as a rule of regulation instituted by the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them. It governs the proceeding, which prescribes a mode of action for carrying into effect a legal right.' " *Id.* (quoting *Gov't of the Virgin Islands v. James*, 23 V.I. 205 (D.V.I. 1987)). "In contrast, a substantive rule of law 'creates and defines the rights, duties, and obligations that are

subsequently administered by procedural rules of law.' " *Id.* (citing *In re Richards*, 52 F. Supp. 2d 522, 528, 40 V.I. 161 (D.V.I. 1999) and the Revised Organic Act of 1954, 21(c)). In finding that Rule 15(a) did not create or define any rights, duties, or obligations, but rather provided guidelines for administration and approval of the petition, the Superior Court held Rule 15(a) was a rule of procedure. That being the case, Superior Court Rule 15 is not jurisdictional and the time limit prescribed in Rule 15 can be relaxed by the Court in its discretion.

▮ At the onset, the Court finds that Williams' petition is untimely as it was filed beyond 30 days after the Board issued its Final Order. This Court must decide then, in its discretion, whether this matter is an appropriate instance to relax the time constraints of Rule 15. That discretion, however, "must be exercised sparingly, and only when an adequate reason exists to excuse noncompliance with our Rules." *See Schacht v. U.S.*, 398 U.S. 58, 69, 90 S. Ct. 1555, 26 L. Ed. 2d 44 (1970) (White, J. concurring) (applying discretionary standards to relaxing the appellate time limit). It does not necessarily follow that because the Court can relax its rules, it must relax its rules. The Court turns to a brief history of this case and will consider whether Williams submits compelling arguments that would enable this Court to exercise its discretion and allow his petition to be heard.

On April 15, 2005, Williams treated Lydia Ventura who subsequently died. After the Board received information concerning Williams' treatment of Ms. Ventura, the Board sent Williams a notice of a show hearing in regards to his treatment of Ms. Ventura. The hearing was held on June 9, 2005. Afterwards, on June 17, 2005, the Board issued a one-year suspension of Williams' license.

On June 28, 2005, Williams filed a Complaint in the Superior Court of the Virgin Islands.[8] The Complaint alleged due process violations regarding the Board's hearing and its subsequent decision to suspend Williams' license. On July 7, 2005, Williams voluntarily dismissed his Complaint in Superior Court and on July 8, 2005, Williams filed a Complaint in the District Court of the Virgin Islands. Williams then sought a TRO enjoining the Board from enforcing its decision of suspending his license for one year, which was granted by the District

---

[8] *Wilbert Williams, M.D. v. Gov. of the VI, et. al.*, SX-05-CV-434.

Court on July 12, 2005. The Board held another hearing and after that hearing, decided to revoke Williams' license for life. Williams sought a TRO of that order, which was granted on March 10, 2006. At a hearing on March 30, 2006, the Parties stipulated to extend the TRO until further order of the District Court. The District Court, on December 8, 2008, dismissed Williams' case pursuant to the *Younger* or abstention doctrine.

■ Williams chose a course of action to voluntarily dismiss his Superior Court case and instead pursue his claims in District Court. The decision to do so was solely his choice. Now, more than two years later after receiving the District Court's opinion, Williams cannot circumvent the procedural rules that govern this Court because he is dissatisfied with the outcome in the District Court and is trying to avail himself of another form of relief through a petition for writ of review. The District Court opined in their dismissal order "the potential unavailability of [Rule 15 review], however, is the fruit of Williams' own choice not to pursue his constitutional claims in the Superior Court." *Williams v. Gov't of the Virgin Islands*, 50 V.I. 852, 861 (D.V.I. 2008). To allow Williams to file his petition more than two years after the Board's decision would create an unprecedented paradigm shift in relaxing the time limit mandates that govern the Court. The Court's rules were developed in part to "secure simplicity and uniformity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." SUPER. CT. R. 1(a). While the Court is not mandated to strictly conform to Rule 15 and can relax its time limit in its discretion, the Court is also mandated to reasonably apply the rules so that justice and fairness result.

■ As noted, Williams had 30 days to file his petition for writ of review; his failure to do so deprives this Court without jurisdiction. The Court cannot find that allowing Williams to file his petition after two years is reasonable. Understandably, Williams may indeed be left with few venues for relief but this Court, weighing the significance and importance of administering the Court Rules, without more cannot justify relaxing a 30-day time limit to permit an untimely filing of over two years. Such a ruling would be at odds with the purpose of creating procedural constraints that guide the workings of the Court. As a result, the Court does not find that Williams presents compelling arguments that would allow the untimely filing of Williams' petition for writ of review.

### 3. Equitable Tolling

██ ██ Pursuant to the doctrine of equitable tolling, Williams argues that the filing of the petition for writ of review is timely and this court has jurisdiction to hear his petition. The Third Circuit case, *Island Insteel Systems, Inc. v. Waters*, 44 V.I. 389, 296 F.3d 200 (3d Cir. 2002), cited by Williams holds:

> that under Virgin Islands law, the statute of limitations for a second action may be equitably tolled by the filing of an earlier action dismissed for lack of personal jurisdiction if: (1) the first action gave the defendant timely notice of plaintiff's claim; (2) the lapse of time between the first and second actions will not prejudice the defendant; and (3) the plaintiff prosecuted the first action in good faith and diligently filed the second action.

*Island Insteel Systems, Inc.*, 296 F.3d at 204-205. Williams argues that the doctrine of equitable tolling applies to the facts in this case. He contends that he sought judicial relief immediately after receiving a copy of the Board's order and the Board was immediately put on notice of his challenge to the propriety of its order. "This doctrine of equitable tolling preserves the protections that statutes of limitations are intended to afford to defendants. At the same time, **it avoids the unfairness to plaintiffs that would occur if plaintiffs who diligently but mistakenly prosecute their claims in a court that lacks personal jurisdiction find their claims time-barred when they refile in a proper jurisdiction.**" *Id.* at 205 (emphasis added).

 Williams' situation is inapposite to that described by the Third Circuit. Williams did not "diligently but mistakenly" file a claim in District Court only to discover that the District Court lacked personal jurisdiction causing his Superior Court claim to be time barred. Rather, Williams chose to prosecute his claims in the District Court instead of the Superior Court and now disagrees with the District Court's decision. Furthermore, "[a]pplication of this equitable tolling doctrine, like most equitable doctrines, is committed to the discretion of the []court. . . ." *Id.* at 205. The Court does not find that Williams' situation is appropriate to apply the doctrine of equitable tolling.

### IV. CONCLUSION

After review and consideration of the record, the Court finds that Williams' filing his petition for writ on review on December 10, 2008 is

untimely and this Court is without jurisdiction to hear the merits. Therefore, the Petition for Writ of Review and Motion for Rule 15(d) Relief filed December 10, 2008 and Motion for a Temporary Restraining Order filed on December 22, 2008 will be denied. The Government's Motion to Dismiss filed January 9, 2009 will be granted. An appropriate Order of even date follows.