# GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff
## v.
# JESUS SANTIAGO, Defendant

Criminal No. 1991-025

District Court of the Virgin Islands

Div. of St. Croix

June 26, 1992

ALPHONSO ANDREWS, Assistant United States Attorney, Christiansted, St. Croix, V.I., *for plaintiff*

MELODY WALCOTT, Assistant Federal Public Defender, Christiansted, St. Croix, V.I., *for defendant*

BROTMAN, *Acting Chief Judge by Designation*

## MEMORANDUM OPINION

This matter is before the court on defendant Jesus Santiago's motion for a reduction of his sentence pursuant to 2 V.I. Code Ann. tit. 5, App. V., §§ 16.5 and 16.5A ("Local Rule 16.5") which preserve the pre-guidelines version of Rule 35 of Federal Rules of Criminal Procedure for consideration of modification of sentences imposed pursuant to Virgin Islands Law. The Government opposes the motion principally on the ground that Local Rule 16.5A is invalid because it is inconsistent with the current version of Rule 35(b) of the Federal Rule of Criminal Procedure, which requires a motion by the government as a jurisdictional predicate to a court's review of a valid sentence.

The critical question raised by this petition, and several others pending,[1] is whether this court has jurisdiction to consider the merits of a defendant's motion for a reduction of sentence under Local Rule 16.5A. Thus, the court is asked to decide whether the local rules are invalid because they conflict with the current version of Rule 35; or put differently, the court must decide whether local rule 16.5 may co-exist with the new rule 35 as the applicable

---

[1] Gov't of Virgin Islands v. Jose Rivera, Jr., Crim. No. 1990/175; Gov't of the Virgin Islands v. Toulouse Gordon, Crim. No. 89-27; and Gov't of the Virgin Islands v. Kevin Allong, Crim. No. 91-13.

procedural rule under which a motion for reduction of sentence by a prisoner incarcerated on local offenses, in a non-guidelines case, may be considered. For the reasons stated below this court finds that Local Rules 16.5 and 16.5A are not inconsistent with the current version of Rule 35, Federal Rules of Criminal Procedure. The court further concludes that the pre-guidelines version of Rule 35(b), promulgated as Local Rule 16.5A is the applicable rule governing the defendant's motion for reduction of a sentence imposed on a non-guidelines case or for violation of the Virgin Islands Criminal Code. With respect to the defendant's motion for a reduction of sentence, it is granted.

## I. FACTUAL BACKGROUND

On June 14, 1991, defendant Jesus Santiago, after a plea of guilty to one count of possession with intent to distribute crack cocaine, was sentenced under local law to eight years imprisonment. On October 17, 1991, Santiago made a timely filed motion for a discretionary reduction in sentence, pursuant to local Rule 16.5A.[2] In his motion, Santiago reiterates his remorse for his criminal conduct. Defendant again admits to a lengthy history of drug abuse, particularly crack and heroin. He submits that his extensive drug use has

---

[2] V.I. Code Ann. tit. 5, App. V Rule 16.5, provides:

Federal Rule of Criminal Procedure 35, as in effect on October 31, 1987, shall continue to apply to criminal matters prosecuted under the laws of the Virgin Islands in the District Court of the Virgin Islands and the Territorial Court of the Virgin Islands.

Rule 16.5A except for the phrase *"imposed pursuant to Virgin Islands Law"* adopts the language of former Rule 35, Fed. R. Crim. P. (1982 Ed.) (as written and in effect October 31, 1987), and provides as follows:

Rule 16.5A. Correction or Reduction of Sentence.

(a) Correction of Sentence. The Court may correct an illegal sentence imposed pursuant to Virgin Islands Law at any time and may correct a sentence imposed in an illegal manner within the time herein provided for the reduction of sentence.

(b) Reduction of sentence. A motion to reduce a sentence imposed pursuant to Virgin Islands Law may be made, or the court may reduce a sentence without motion within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction or probation revocation. The court shall determine the motion within a reasonable time. Changing a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible reduction of sentence under this subdivision.

led him to a life of crime, evidenced by his four (4) prior convictions at the time of his sentence for the instant offense underlying this motion. In support of his motion, Santiago relies primarily on the progress he has made in overcoming his drug addiction since the time of his pre-trial incarceration in the instant case. Santiago avers that his fight against his drug addiction has progressed to the point where he is a leader of a counselling group that meets at the Detention Center. Santiago calls to the court's attention the June 5, 1991 letter from his drug counsellor in which the counsellor stated that Santiago was a prime candidate for training as a drug-abuse counsellor. Santiago cites this as support for his belief in his ability to remain drug-free. Santiago argues that the term of his sentence makes him ineligible for work release, which must first be obtained before he may participate in a program to train as a drug-abuse counsellor.[3] At the time of sentencing, Santiago had served 117 days in pre-trial detention, time credited to his sentence. Santiago has now served more than a year of his sentence. The court will treat the defendant's motion as a request to reduce his sentence of eight years to a term of five years or less.

The government's opposition to defendant's motion rests on two grounds. The government's chief argument is that the court is without power to consider the motion for reduction of sentence, absent a motion by the government. The government contends that Local Rule 16.5A is invalid because it conflicts with current Rule 35(b) of the Federal Rule of Criminal Procedure, as amended in 1986, which requires a motion by the government as a prerequisite to the court's exercise of its discretion to consider a sentence reduction. The government also contends that if this court were to find that Local Rule 16.5A is valid a reduction of sentence is not war-

---

[3] Title 5 V.I.C. § 4509(d) provides that:

> The Bureau (of Corrections) may grant any inmate serving a sentence, the balance of which does not exceed five years, the privilege of temporarily leaving the institution during necessary and reasonable hours, including overnight stays in approved community institutions or halfway houses . . . , for any of the following purposes:
>
> (1) seeking employment;
> (2) working at his employment;
> (3) conducting his own business or other self-employed occupation including; in the case of a woman, housekeeping and attending the needs of her family; or
> (4) attending an educational institution.

ranted because the "defendant has not established any changed circumstances or other cognizable basis for relief." In addition, the government argues that since the Defendant is seeking a reduction of his sentence in order to obtain work release, the District Court is not the proper forum because "work release and other privileges" are matters "solely with[in] the discretion of the Director of the Bureau of Corrections."[4]

## II. DISCUSSION

Before this court may rule on the merits of the defendant's motion, it must first address the jurisdictional question as raised by the government: Does this court lack jurisdiction to consider the defendant's motion for a modification of an otherwise valid sentence, absent a motion by the government? Stated differently, must the court proceed pursuant to current Rule 35?

Federal Rule of Criminal Procedure 35(b) ("New Rule 35"), as amended, and as currently in effect, reads as follows:

> (b) Reduction of Sentence for Changed Circumstances. [Effective on Dec. 1, 1991. . . .] The court, *on motion of the government* made within one year after the imposition of the sentence, may reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another person who has committed an offense, in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code. The Court may consider a government motion to reduce a sentence made one year or more after imposition of the sentence where the defendant's substantial assistance involves information or evidence not known by the defendant until one year or more after imposition of sentence. The court's authority to reduce a sentence under this subsection includes the authority to reduce such sentence to a minimum level below that established by statute.

(Emphasis added.)

---

[4] This argument is misconceived. It is abundantly clear that if this court choose to grant the defendant's motion it will be well within its discretionary authority. The effect of a reduction will be to make the defendant *eligible* for work release and not a grant of work release. Clearly, such action by the court does not constitute an encroachment into the province of the Parole Board or the Department of Corrections as the government contends.

■ From a cursory reading of the plain language of the first clause of the first sentence of new Rule 35, the government's contention that the court is without power to entertain a motion for a reduction of sentence absent a motion by the government appears unassailable. However, looking at the provisions of New Rule 35(b) in its entirety, especially the last clause of the first sentence, it is also clear that any application of the rule must give effect to, and accord with the sentencing guidelines and policy of the United States Sentencing Commission. In this respect, it bears on this court's decision to note the statutory context of both the sentencing guidelines and New Rule 35.

As part and parcel of the Crime Control Act of 1984, and subsequent amendments thereto, Congress rewrote Rule 35 so that it would "accord with provisions of proposed sections" of the Sentencing Reform Act of 1984, adopting guidelines sentencing. See Comprehensive Crime Control Act of 1984 S. Rep. No. 98-225, 98th Cong., 2d Sess. 3182, 3341 (October 4, 11, 1984), Pub. L. No. 98–473, 98 Stat. 1837, 2015–16 (October 12, 1984); Anti-Drug Abuse Act of 1987, Pub. L. No. 99–570, § 1009, 100 Stat. 3207, 3207–8 (October 27, 1986). The effective date of new Rule 35(b)[5] was November 1, 1987. The guidelines referred to above are Federal Sentencing Guidelines promulgated by the United States Sentencing Commission pursuant to the Sentencing Reform Act of 1984 and they govern convictions for violation of any Federal statute. See 18 U.S.C. § 3551(a). Guideline sentencing also became effective on November 1, 1987. These statutes and the congressionally amended rule speak exclusively of federal crimes and federal convictions. Indeed the Sentencing Reform Act at subchapter A expressly states:

> Except as otherwise specifically provided, a defendant who has been found guilty of an offense *described in any federal statute,* other than an Act of Congress exclusively in the District of Columbia or the Uniform Code of Military Service, shall be sentenced in accordance with the provisions of this chapter
> . . . .

18 U.S.C. § 3551(a). Nothing in the legislative history of the Sentencing Reform Act or the congressionally amended Rule 35 specifically addresses the question of their applicability to convictions for violations of Territorial law.

---

[5] Because this matter is before the court on a motion for sentence reduction, the court will focus its analysis on section (b) of new Rule 35, Fed. R. Crim. P.

The question of the applicability of the Federal Sentencing Guidelines to convictions for violations of the Virgin Islands Criminal Code was resolved in Government of the Virgin Islands v. Dowling, 866 F.2d 610 (3d Cir. 1989). There a panel for the Third Circuit Court of Appeals, speaking through Circuit Judge Weis, declared that the Sentencing Guidelines, promulgated pursuant to the Sentencing Reform Act of 1984, do not apply to convictions for violations of the Virgin Islands Criminal Code in cases tried in the District Court of the Virgin Islands. In reaching this conclusion, the panel in Dowling properly considered the legislative history of the Sentencing Reform Act of 1984, the Virgin Islands governmental structure and the judicial system of the Virgin Islands as constituted under the Revised Organic Act of 1954 (48 U.S.C. §§ 1611–1617, as amended 1986). With this contextual background in mind, the Dowling court determined that consideration of the unique posture of the District Court of the Virgin Islands, in that the Virgin Islands District Courts (unlike United States District courts) "adjudicate cases charging violations of both federal and local crimes," was crucial to the resolution of the issue before it—that is, whether the sentencing guidelines apply to convictions for violations of local law. Dowling, 866 F.2d at 613.

Persuaded by its review of the legislative history of the Sentencing Reform Act "that Congress intended to regulate sentencing in Article III courts," the Third Circuit in Dowling declared it could not read into the Sentencing Reform Act an intent by Congress to "reach violations of criminal statutes enacted by the territorial legislature or tried in the Territorial Court." Dowling, 866 F.2d at 814. It follows, the Dowling court concluded, that the sentencing guidelines cannot be said to govern convictions on local crimes merely because the cases were tried in the District Court of the Virgin Islands. The Dowling Court reasoned that given the unique adjudicatory reach of the District Court of the Virgin Islands, to say otherwise would be to give the prosecution "the option of choosing what range of punishment could be imposed for [a] particular crime" depending on whether the offense is prosecuted in the District Court or the Territorial Court. Dowling, 866 F.2d at 613. The court in Dowling noted it could find nothing in the statute or the legislative history that would support the conclusion that Congress intended to create such "an anomalous situation, out of the mainstream of criminal law administration." Dowling, 866 F.2d at 613.

A. *Application of New Rule 35 to Local Criminal Offenses Tried in the District Court Not Within Congressional Intent*

Notwithstanding the holding in Dowling that the guidelines themselves do not apply to local criminal prosecutions in the District Court of the Virgin Islands, the government maintains that the new version of Rule 35 governs the sentences of individuals not imposed pursuant to the Sentencing Reform Act or the Federal Sentencing Guidelines. Specifically, the government contends that Local Rules 16.5 and 16.5A are contrary to law, and therefore invalid, because they are inconsistent with Fed. R. Crim. P. 54(a) which provides that the Rules of Criminal Procedure "apply to all criminal proceedings in the United States District Courts" and which expressly mentions the District Court of the Virgin Islands. The Government argues not unpersuasively that its position is mandated by the literal language of Rule 54(a). The court notes, also, that the government's argument finds arguable support in this circuit's precedent.[6]

---

[6] See Government of Virgin Islands v. Solis, 334 F.2d 517, 519 (3d Cir. 1964) (Federal Rules . . . appl[y] to all criminal proceedings in the District Court of the Virgin Islands, whether the crime is proscribed by local or federal Law) cited with approval in, Government of the Virgin Islands v. Francis, 98 F.R.D. 626, 629 (D.V.I. 1983); see also, Government of Virgin Islands v. Bryan, 818 F.2d 1069, 1072 (3d Cir. 1987).

The court acknowledges that its conclusion in this case that New Rule 35 does not govern applications for reduction of sentences imposed pursuant to territorial law is not easily reconcilable with this circuit's precedent on the applicability of Rule 54. This cannot be seriously argued, since those earlier cases are readily distinguishable in that they were decided prior to the introduction of guidelines sentencing. Further, the disharmony inherent in a strict application of Rule 54 and Rule 35, in light of the non-applicability of the guidelines to local offenses tried in the District Court, was not apparent at the time of the enactment of these rules, and as is clear from their scant legislative histories, was never considered.

The government may also argue that dicta in Dowling supports its contention since that court seized on the express statutory language of Rule 54(a) to support its point that Congress knew how to legislate when it intends a statute to apply to the District Court of the Virgin Islands. However, this argument ignores the fact that the issue of whether particular rules amended to conform with guidelines provisions govern convictions on local offenses tried in the District Court was not squarely before the court in Dowling. That is, the court in Dowling did not address the relationship between Rule 54 and Rule 35, nor did it address the relationship between New Rule 35 and the Sentencing Reform Act of 1984 and the applicability of New Rule 35 to the prosecution of local offenses in the District Court of the Virgin Islands.

Any analysis of a case involving the interpretation of a statute must begin with the language itself. United States v. Turkette, 452 U.S. 576, 580, 101 S. Ct. 2524, 2527, 69 L. Ed. 246 (1981). The government's position comports with this first rule of statutory interpretation. However, if this court were to accept the government's view the results would indeed be strange. For to do so, this court would have to hold that, in a case where the sentencing guidelines do not govern, a procedural rule amended "to accord with provisions" of the Sentencing Reform Act of 1984 and which only permits a reduction of a sentence for assistance "to the extent . . . recognized in applicable guidelines" applies to deprive this court of jurisdiction to review a sentence imposed under its auspices for violation of a local criminal statute. The avoidance of such an absurd result is precisely what engendered the following observation in an earlier Supreme Court decision that "a thing may be within the letter of a statute and yet not within the statute, because not within the spirit, nor within the intention of its makers." Church of the Holy Trinity v. United States, 143 U.S. 457, 459, 12 S. Ct. 511, 36 L. Ed. 226 (1892).

A court is nevertheless required to proceed from the language of the statute under interpretation. However, if the statutory language is unambiguous, its plain meaning is regarded as conclusive "except "in rare and exceptional circumstances." Howe v. Smith, 452 U.S. 473, 483, 101 S. Ct. 2468, 2475, 69 L. Ed. 171 (1981). In United States v. Turkette, 452 U.S. at 580 (1981), the Supreme Court noted that "there is no errorless test for identifying or recognizing "plain" or "unambiguous" language. That Court further instructed that "absurd results are to be avoided and internal inconsistencies . . . must be dealt with" when construing statutory language. Turkette, 452 U.S. at 580. This court has shown that a literal reading of Rules 54 and 35, followed by a mechanical application will lead to aberrant results—that is, results that neither implicate the Sentencing Guidelines nor serve the intent and purpose of the Sentencing Reform Act, but which would leave the District Court without a mechanism of reviewing applications for reduction of sentences of individuals sentenced pursuant to Virgin Islands law. Therefore, this court in reaching its decision will be guided by the principles followed by the Supreme Court in Church of the Holy Trinity v. United States, 143 U.S. 457, 460 (1992). The several principles of statutory construction that are particularly relevant are: one, that a literal meaning of a statute should be rejected if it would lead to absurd results; two, exceptions which would avoid results of an absurd character will always be presumed as

intended by the legislature; and three, that in giving a statute a sensible construction the reason of the law prevails over its letter.

This court does not believe that Congress intended the results that would follow a mechanical application of Rules 54 and 35. The provision of Rule 54 relating to the application of the Rules of Criminal Procedure in the District Court of the Virgin Islands was added when the Rules were first amended. See Notes of Advisory Committee On Rules (1944 Adoption), Reprinted in Federal Criminal Code and Notes (1991 Revised Ed.). With respect to the Virgin Islands, Rule 54(a) remained substantially unaltered until 1991 when the Rule was amended to make it conform to "legislative changes affecting the prosecution of *federal case* in Guam and the Virgin Islands by indictment or information." See Notes of Advisory Committee on Rules (1991 Amendment) (emphasis added). The Advisory Committee explains that "[w]ith regard to the Virgin Islands, Public Law 98–454 (1984) also amended 48 U.S.C. §§ 1561 and 1614(b) to permit (but not require) use of indictments in the Virgin Islands." Id. This brief legislative history illustrates that Rule 54(a), which makes the Rules of Criminal Procedure applicable to all criminal proceedings prosecuted in the District Court of the Virgin Islands, was never amended to accord with either the reforms to the 1984 amendments to the Revised Organic Act of 1954 or to the provisions of the Sentencing Reform Act of 1984. Thus, Rule 54 does not take into consideration the effect of these legislative changes on the prosecution of local offenses in the District Court of the Virgin Islands.

The disharmony that is now apparent in the application of these rules, especially in light of the non-applicability of the guidelines to the persecution of local offenses in the district court, was not anticipated and consequently not considered. Therefore, notwithstanding the plain language of Federal Rule of Criminal Procedure 54(a), this court cannot say that Congress intended the aberrant results that would follow from a literal, formalistic application of new Rule 35 to *all* criminal cases tried in the District Court of the Virgin Islands.

■ The court's analysis is most influenced by the principle of statutory construction which instructs that "[i]f a literal construction of a statute be absurd, the Act must be so construed as to avoid the absurdity. The court must restrain the words. The object designed to be reached by the act must limit and control the literal import of terms and phrases employed." Church of Holy Trinity, 143 U.S. at 461. Through the introduction of guidelines sentencing,

Congress fundamentally changed the manner in which sentences are imposed and reviewed in federal courts. With respect to sentences imposed pursuant to these guidelines, judicial discretion was severely circumscribed. As the scant legislative history on the amendment of Rule 35 and the Notes of the Advisory Committee on Rules make clear, Rule 35(b) was amended so that it would conform with provisions of the Sentencing Reform Act of 1987 and to permit courts to go below the guidelines to reduce a sentence. Specifically, Rule 35(b), as amended, authorizes courts to go below the mandatory minimum as established by federal statutes and the application of the guidelines when there has been substantial, subsequent assistance to the prosecution in another case by the prisoner. Thus the new version of Rule 35(b) is linked inextricably to the sentencing guidelines and must be construed to comport with guidelines policy. And though the District Court of the Virgin Islands is a federal district court, it is also a court of special jurisdiction. Moreover, it has been determined that with respect to sentencing imposed for violations of Territorial law the sentencing guidelines do not govern. Therefore, since the polices underlying guidelines sentencing are not implicated, it would be absurd to hold that New Rule 35(b) governs the procedure for reduction of sentences imposed pursuant to Virgin Islands law.

■ This is not to gainsay what is now settled in this Circuit, as well as in all the other Circuits, that the sentences of individuals sentenced under the Sentencing Reform Act of 1984 are governed by New Rule 35 or the Post-1987 version of Rule 35. See United States v. Bruno, 897 F.2d 691 (3d Cir. 1990). By negative implication, it may be argued that in non-guidelines cases, that is, cases involving convictions not imposed pursuant to the Sentencing Reform Act of 1984, a district court retains the discretion, granted under former Rule 35, to reduce a sentence without motion if considerations of leniency or equity so warrant. In fact, at least one other district court has proceeded pursuant to former Rule 35(b) with respect to a sentence not imposed pursuant to the guidelines, but which involved offenses committed after November 1987. See U.S. v. Chilli, 783 F. Supp. 203 (S.D.N.Y. 1992) (There the court considered a Rule 35 motion for a reduction of sentence brought by the defendant (pursuant to former Rule 35) in a case involving a non-guideline plea agreement).

"Policy as well as the letter of the law is a guide to decision." Church of Holy Trinity, 143 U.S. at 461. Because the guidelines do

not apply, this court's holding today is not an interference with or circumvention of Congress' intent in passing the Sentencing Reform Act, which created guidelines sentencing.

## III. ARE LOCAL RULES 16.5 AND 16.5A INCONSISTENT WITH NEW RULE 35?

Having decided that New Rule 35 does not apply to non-guidelines cases tried in the district court, the court must now determine whether, as the government argues, Local Rules 16.5 and 16.5A are invalid because they are inconsistent with New Rule 35. This question must be resolved for the same reason as stated by the late Chief Judge when he propounded Local Rules 16.5 and 16.5A. It was obvious to Chief Judge O'Brien then, as it is to this court today, that "[w]ith the advent of the Federal Sentencing Guidelines and the elimination of former Rule 35 . . . judges [of Virgin Islands Courts would be] without a mechanism to review sentences when a motion to reduce a sentence in a territorial crime is made." See January 14, 1989 letter of David V. O'Brien, Chief Judge of the District Court of the Virgin Islands, regarding the Incorporation of Former Rule 35, Fed. R. Crim. P. into a local rule; to All Territorial Judges; Attorney General of the Virgin Islands, Territorial Public Defender; United States Attorney, Federal Public Defender; and Rules Committee, V.I. Bar Association.

■ The court is not persuaded by the government's argument that Local Rules 16.5 and 16.5A are inconsistent with the current version of Rule 35. The government's argument fails when scrutinized under the well established rule of statutory construction that if a consistent interpretation of two rules is possible, the rules are presumed not to contradict each other. The fact that under certain circumstances both the prior and current versions of Rule 35 apply to reduce a sentence undercuts the government's contention. As stated earlier, the current version of Rule 35 was enacted as part of the Comprehensive Crime Control Act of 1984. There and in subsequent legislation, Congress provided that the effective date of the amended version of Rule 35 was November 1, 1987. See Pub. L. 98–473 § 235(a)(1); Sentencing Reform Amendments Act, Pub. L. 99–217 § 4, 99 Stat. 1728 (1985). In a later amendment, the Sentencing Reform Act of 1987, Congress provided that new Rule 35(b) may be applied retroactively to crimes committed before November 1, 1987. See Pub. L. 100–182 § 24(3), 101 Stat. 1266, 1271 (1987). The

Sentencing Reform Act of 1987 also provides that the old version of Rule 35 applies to all crimes committed before November 1, 1987, the effective date of the new rule. See Pub. L. 100–182 § 22.

■ Therefore, by the express act of Congress, either the old or new versions of Rule 35(b) apply to reduce certain category of sentences, and in rare instances district courts have the authority to apply both versions of Rule 35 to reduce the same sentence. See U.S. v. Doe, 940 F.2d 199, 202 (7th Cir.1991) (in this case the court determined that because the defendant's "crimes were committed before November 1, 1987, he fits within a window where both versions of the rule apply. The new rule applies because it is retroactive. The old rule applies because his crimes were committed before the effective date of the new rule."). Thus, Local Rule 16.5A, which applies only to non-guidelines sentencing or sentencing pursuant to local law and whose language tracks Old Rule 35(b), cannot be said to be inherently inconsistent with New Rule 35. This conclusion follows from the sound principle of statutory construction that when two rules or statutes are capable of coexistence, it is the duty of courts to regard each as effective. See Radzanower v. Touche Ross & Co., 426 U.S. 148, 155, 96 S. Ct. 1989, 48 L. Ed.2d 540 (1976).

## IV. REDUCTION OF SENTENCE

■ The court turns now to the merits of Santiago's Motion for a reduction of sentence pursuant to Local Rule 16.5A. The underlying purpose of former Rule 35(b) which applies to this motion through Local Rule 16.5A, is "to give a convicted defendant a second round before the sentencing judge, and [afford] the judge an opportunity to reconsider the sentence in light of any further information about the defendant or the case which may have been presented to him in the interim." Advisory Comm. Notes to 1983 Amendment (citation omitted). Thus a motion for reduction of sentence under Local Rule 16.5A or the prior version of Rule 35(b) is essentially a plea for leniency addressed to the sound discretion of the sentencing court. Gov't of Virgin Islands v. Gereau, 603 F.2d 438, 443 (3d Cir. 1979).

The government opposes Santiago's application for a reduction of sentence on the ground that his "counselling activities, the asserted basis for reduction herein, were made known to the Probation Office prior to sentencing and to this court at sentencing." The

government is correct that at the time sentence was imposed in this case initially, the Court had reviewed the materials in the record, including the June 8, 1991 letter of Mr. Winters, the substance abuse counselor, in which Mr. Winters stated he considered the petitioner a prime candidate for a drug counselling and In-patient Rehab Program. Nonetheless, the court is motivated to reduce the petitioner's sentence to a maximum term of five (5) years, not only by petitioner's repeated demonstration of remorse for his crimes, and by his belief or his substance abuse counselor's belief in his ability to remain drug-free, but by the following reasons as expressed in the Probation's Office recommendation in its letter of February 7, 1992 to this court:

> Having reviewed the defendant's presentence report, it is noted that his life has been one steep parabola of chemical dependency. At age forty-three, he has spent more that a quarter of his life institutionalized, and another quarter in a dependent state. Given these circumstances, it is a fitting correlation that his offense was born of his drug dependency.
>
> However, it is the opinion of this writer that the defendant does have some salvageable qualities that may deteriorate during the span of an extensive prison term. Considering that this defendant will eventually be released into a free society, it is more practical to reintegrate him at a point in his life where most of his coping skills are intact.

The court's initial decision to impose a sentence of eight (8) years reflected its concern at the time with defendant's apparent recidivism. By all accounts defendant's life of crime is rooted in his drug dependency. Defendant has taken firm steps towards ridding himself of the root cause of his criminal activity—his chemical dependency. It has been impressed upon this court that defendant's participation in the in-patient Rehab Program, to which he has been admitted, is critical to the defendant permanently overcoming his chemical dependency. Beyond the aforementioned, the court has been informed that defendant has been providing ongoing assistance in locating and counselling addicts in and out of prison.

In an exercise of its discretion under Local Rule 16.5A, which follows former Rule 35(b), the court will reduce Mr. Santiago's sentence of eight (8) years to five (5) years, including time served.

245

## V. CONCLUSION

This court has today decided that Local Rules 16.5 and 16.5A which preserve former Rule 35 are not inconsistent with the current version of Rule 35 and that the local rules are the applicable procedural rules governing the courts of the territory review of sentences imposed for violations of the Virgin Islands Code or in non-guidelines cases. As noted above, Jesus Santiago's motion for a reduction of sentence is granted.

## ORDER

This matter having come before the court on motion of defendant Jesus Santiago for reduction of sentence pursuant to 2 V.I. Code Ann. tit. 5, App. V., § 16.5A; and in accordance with the court's Opinion filed on even date herein,

IT IS ORDERED that the sentence of eight (8) years imposed on the defendant by this court on June 14, 1991, after a plea of Guilty is hereby REDUCED to a term of five (5) years, including time served.