**BERYL BERTRAND, as Administratrix of The Estate of JACQUES-PIERRE BERTRAND, Plaintiff**

v.

**CORDINER ENTERPRISES, INC. d/b/a CORDINER AND ASSOICATES; MICHAEL P. CORDINER; MYSTIC GRANITE AND MARBLE, INC.; ISLAND TILE AND MARBLE, LLC d/b/a VIRGIN ISLANDS GRANITE AND & MARBLE; AND ABACO MACHINES USA, INC., Defendants**

Civil No. ST-08-CV-457

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

June 24, 2011

249

DAVID A. BORNN, ESQ.; ADAM THORP, ESQ., The Bornn Firm, P.L.L.C., St. Thomas, USVI, *Counsel for Plaintiff.*

PAUL M. PLATTE, ESQ., Rogers, Townsend & Thomas, PC, St. Thomas, USVI, *Counsel for Plaintiff.*

SIMONE FRANCIS, ESQ.; DAVID J. CATTIE, ESQ., Ogletree, Deakins, Nash, Smoat & Stewart, P.C., St. Thomas, USVI, *Counsel for Defendant Michael Cordiner and Cordiner Enterprises, Inc.*

RICHARD H. DOLLISON, ESQ., Stryker, Duensing, Casner & Dollison, St. Thomas, USVI, *Counsel for Defendant Abaco Machines USA, Inc.*

CARL A. BECKSTEDT III, ESQ.; EMILY SHOUP, ESQ., Bryant, Barnes, Beckstedt & Blair LLP, Christiansted, USVI, *Counsel for Defendant Mystic Granite and Marble, Inc.*

CARROLL, *Judge*

## MEMORANDUM OPINION

(June 24, 2011)

Plaintiff Beryl Bertrand[1] ("Plaintiff") moves to compel[2] a non-party to respond to deposition questions and to produce documents. Although Island Tile and Marble, LLC, objects that Plaintiff's subpoena was defective, the Court finds that the subpoena was not fatally flawed. The Court will grant the Motion to Compel as to some, but not all, of the deposition questions, and as to all requests for document production.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 17, 2008, Jacques-Pierre Bertrand ("Bertrand") was injured while working for Island Tile. He died of those injuries on April 29, 2008. Plaintiff originally brought suit against not only the Defendants named above but also against Island Tile and Marble, LLC, a Virgin Islands Company.

On March 9, 2009, Plaintiff and Island Tile filed a Stipulation of Dismissal, agreeing to dismiss all of Plaintiff's claims against Island Tile. On March 30, 2010, the Court approved the Stipulation, noting that no party had objected to it, and dismissed all of Plaintiff's claims against Island Tile. That Order was entered on April 6, 2010.

On December 11, 2010, Plaintiff subpoenaed Island Tile to attend a deposition on January 10, 2011, and to produce certain documents and

---

[1] Bertrand is represented in this action by Paul M. Platte, Esq., of Rogers, Townsend & Thomas, PC, and David Bornn, Esq., and Gregory Adam Thorp, Esq., of The Bornn Firm, PLLC. Before its dismissal in this action, Island Tile was represented by W. Mark Wilczynski, Esq. Attorney Wilczynski has made a special appearance in this action on behalf of Island Tile to respond to the Motion to Compel. Michael Cordiner and Cordiner Enterprises are represented by David J. Cattie, Esq., of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

[2] The Motion to Compel was filed on April 8, 2011. As discussed below, Island Tile did not file any response to the Motion. Instead, it embodied its objections and legal positions within the LRCi 37.2 Stipulation.

records at the deposition. On December 20, 2010, Island Tile notified Plaintiff that it generally objected to the subpoena because it did not have sufficient time to prepare for the deposition and because it felt it was overly broad and burdensome. Island Tile did not, however, move to quash or modify the subpoena. On December 28, 2010, Island Tile forwarded to Plaintiff a list of specific objections and requested $1,500 to cover the costs of production. Plaintiff paid $1,250 on December 29, 2010. Michael Cordiner, Island Tile's sole owner and president, appeared on behalf of Island Tile at the deposition on January 10, 2011.

On February 17, 2011, Plaintiff sent Island Tile a letter requesting to meet and confer regarding deposition questions she felt had not been fully answered, and documents that she alleged had not been produced according to the subpoena. Counsel for Island Tile and Plaintiff conferred telephonically about the discovery disputes on February 25, 2011. Island Tile wrote Plaintiff a letter on February 28, 2011, stating that it was still assessing the breadth of the discovery requests. On March 24, 2011, Plaintiff drafted a LRCi 37.2 Stipulation, which Island Tile's counsel signed. Island Tile responded to Plaintiff's concerns over its representative's deposition answers within the body of the Stipulation. On April 8, 2011, Plaintiff filed this Motion to Compel, appending the LRCi 37.2 Stipulation. Island Tile did not file a response.

## DISCUSSION

## I. PLAINTIFF'S FAILURE TO INCLUDE THE ENTIRE TEXT OF RULE 45(c) AND 45(d) DOES NOT RENDER HER SUBPOENA FATALLY DEFECTIVE.

### A. Federal Rule 45 Is Not Inconsistent With Superior Court Rule 11.

Island Tile objects to Plaintiff's Motion to Compel in part because it claims that Plaintiff's subpoena was defective. Rule 45 of the Federal Rules of Civil Procedure requires subpoenas to include the text of Rule 45(c) and 45(d)[3] to ensure that subpoenaed persons are aware of their rights to challenge the subpoena and otherwise protect their interests. Superior Court Rule 11, which governs subpoenas issued by this Court, has no such requirement. Rule 11(a) calls for every subpoena to state:

---

[3] FED. R. CIV. P. 45(a)(1)(A)(iv).

253

the name of the court and the title, if any of the proceeding, and if the witness is to testify on behalf of the Government, it shall so note, and shall command each person to whom it is directed to attend and give testimony at the time and place specified therein.[4, 5]

Therefore, the Court must determine whether the two rules are inconsistent; for if they are, Federal Rule 45 is displaced[6] and Island Tile's objection must fail.

■ The Court finds that the Federal Rule supplements the Superior Court Rule and the two are not inconsistent. The Court recognizes that "when two rules or statutes are capable of coexistence, it is the duty of the courts to regard each as effective."[7] Thus, the question becomes whether Federal Rule 45(a)(1)(A)(iv) is capable of coexisting with Superior Court Rule 11.

There is an argument[8] that they are not capable of coexisting. Superior Court Rule 11 has a subsection addressing the form of subpoenas.[9] Unlike Federal Rule 45(a), Rule 11 does not require any text to inform non-parties of their rights. In *Corraspe v. People*,[10] the Supreme Court of the Virgin Islands held that because the Superior Court Rule addressing plea negotiations[11] did not include a prohibition on judicial involvement, while the Federal Rule of Criminal Procedure[12] did include such a prohibition, the Federal Rule was inconsistent and the Superior Court Rule governed.

---

[4] SUPER. CT. R. 11.

[5] Superior Court Rule 11(c) provides for the issuance of subpoenas for the production of documents and evidence, as well as testimony.

[6] The Federal Rules of Civil Procedure and the Local Rules of Civil Procedure of the District Court of the Virgin Islands apply to matters before this Court only when they are not inconsistent with the Rules of the Superior Court. SUPER. CT. R. 7.

[7] *Gov't of the V.I. v. Santiago*, 798 F. Supp. 274, 281, 27 V.I. 232 (D.V.I. 1992) (citing *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 155, 96 S. Ct. 1989, 48 L. Ed. 2d 540 (1976)) (reconciling LRCI 16.5 and 16.5A with FED. R. CRIM. P. 35).

[8] This argument was not raised by either party. In fact, neither party addressed the applicability of Superior Court Rule 11.

[9] SUPER. CT. R. 11(a).

[10] 53 V.I. 470, 480-83 (2010).

[11] SUPER. CT. R. 126.

[12] FED. R. CRIM. P. 11.

However, this situation differs from the circumstances in *Corraspe*. In *Corraspe*, the Supreme Court of the Virgin Islands recognized that the Superior Court Rule regarding criminal pleas was enacted at a time when the Federal Rule included a prohibition on judicial involvement in plea negotiations. Therefore, the drafters of the Superior Court Rule were aware of the current practices regarding plea negotiations and yet created a new rule to address the same topic. This led the Supreme Court to conclude that the drafters intended to displace the Federal Rule, and specifically intended not to include the proscription on judicial involvement.

Superior Court Rule 11, on the other hand, was created well before the Federal Rule was amended to include the textual requirement in Rule 45(c) and (d). Superior Court Rule 11 was first enacted in 1957 and last amended in 1966. Federal Rule 45 was amended to include the text requirement of 45(a)(1)(A)(iv) in 1991. Even in 1994, when the drafters generally amended the Rules "to reflect modern conditions and the increased judicial economy granted by Congress to the people of the Virgin Islands,"[13] they did not take any action to amend Superior Court Rule 11 or indicate that Federal Rule 45(a)(1)(A)(iv) should be displaced. Because the drafters were undoubtedly well aware of Rule 45(a)(1)(A)(iv)'s textual requirement at the time, their non-action could only be intentional. Indeed, in the nearly twenty years since those general amendments in 1994, the Court has never expressly or implicitly displaced that requirement. This supports the conclusion that the two rules may, in fact, coexist, and that the Federal Rule supplements, rather than displaces, the Superior Court Rule.

## B. Additional Analysis Under the Doctrine of Preemption Compels the Same Conclusion.

These considerations lead the Court to the conclusion that Superior Court Rule 11(a) is not inconsistent with Federal Rule 45(a)(1)(A)(iv). Even if these considerations were insufficient, the Court is persuaded by

---

[13] *Preface to the First Gen. Amends, to the Rules of the Sup. Ct. of the U.S. Virgin Islands* (as quoted in *Corraspe*, 53 V.I. at 481-82).

additional analysis related to the doctrine of preemption.[14] The Court finds that the doctrine of preemption might generally be helpful to the analysis of Superior Court Rule 7, which, as noted above, adopts the Federal Rules of Civil Procedure and Evidence unless they are inconsistent with Superior Court Rules.

■ Under the doctrine of preemption, the general rule that state and federal laws may co-exist is limited by the recognition that in our federal system, federal laws preempt state laws when they conflict.[15] One indication of such a conflict exists when the federal law occupies the field, indicating an attempt by Congress to foreclose the possibility of state regulation in that area of law.[16]

■ ■ By analogy, a Superior Court Rule might regulate an area of procedure so pervasively that there is no room for supplementation by the Federal Rule.[17] In such a circumstance, the Superior Court Rule would govern, as required by Superior Court Rule 7. Here, Superior Court Rule 11(a) is not so pervasive in its breadth that it is unreasonable to believe it left room for supplementation by the Federal Rule. It addresses what a subpoena form must, *at a minimum*, state.[18] The Federal Rules may change from time to time, yet Rule 11's minimum requirements will stay fixed. But just because the Superior Court Rule stated a minimum requirement does not mean that the drafters intended that no supplementation would be possible. As experience led the drafters of the Federal Rules to understand that non-parties, especially those without counsel, required more information with which to protect themselves in an era of extensive and expensive discovery, the Federal Rules

---

[14] The Court engages in this analysis as an independent basis for coming to the same conclusion stated in Section A, above.

[15] *See, e.g., Abdullah v. American Airlines, Inc.*, 181 F.3d 363, 366 (3d Cir. 1999) (observing that, despite the fact that there are a variety of opportunities to assume that the federal rule preempts state law, such a conclusion must not be made lightly).

[16] Two other kinds of preemption include express preemption and conflict preemption, such as when state and federal laws conflict in such a way as to make it impossible for a person to comply with both. *Elassaad v. Independence Air, Inc.*, 613 F.3d 119, 126 (3d Cir. 2010). Neither of these types of preemption applies here.

[17] *See, e.g., Schneidewind v. ANR Pipeline Co.*, 485 U.S. 293, 300, 108 S. Ct. 1145, 99 L. Ed. 2d 316 (1988) (indicating, in the area of substantive federal law, that Congress can intend to occupy an entire field, thereby excluding the possibility of state regulation).

[18] A different conclusion would be required if the Rule stated, for example, that subpoenas must include only that information set out in Superior Court Rule 11(a) and nothing more.

implemented the textual requirement.[19] This requirement is not preempted by the minimum form requirements set forth by the Superior Court Rule.

## C. Plaintiff's Failure to Include the Complete Text of Rule 45(c) and 45(d) on Her Subpoena Does Not Render It Fatally Flawed.

■ Because the Court has concluded that Rule 45(a)(1)(A)(iv)'s requirement to include the text of Rule 45(c) and 45(d) on the form of subpoena is not inconsistent with Superior Court Rule 11, the Court must decide whether Plaintiff's failure to include the full text invalidates her subpoena. The Court concludes that it does not.

■ There is no dispute that the plain language of Rule 45(a)(1)(A)(iv) requires each subpoena to set out in full the text of Rule 45(c) and 45(d). There is also no dispute that Plaintiff recited some, but not all, of those subsections. Her subpoena included most of the language of 45(c), although an earlier version of 45(c) is now in effect.

Island Tile cites *Anderson v. Virgin Islands*[20] for the proposition that the failure to include the text of the Rule renders the subpoena defective. However, the subpoena at issue in *Anderson* included the heading for a different court; was directed to an entity outside the jurisdiction of the District Court; directed the recipient to produce documents to a place outside Rule 45's geographic limits; *and* failed to include the required text. When the District Court concluded that the subpoena was defective, it was considering *all* of "these serious deficiencies."[21] It never held that the failure to include the text of Rule 45(c) and (d) alone would be enough to defeat the subpoena.

District courts[22] considering the question of whether the failure to include the text of Rule 45 alone is sufficient to render a subpoena

---

[19] FED. R. CIV. P. 45 advisory committee's note ("[One of] the purposes of this revision [is] to clarify and enlarge the protections afforded persons who are required to assist the court by giving information or evidence.").

[20] 180 F.R.D. 284, 290, 39 V.I. 235 (D.V.I. 1998).

[21] *Id.*

[22] The Court could find no cases in this jurisdiction, aside from *Anderson*, addressing this question.

defective have come to different conclusions.[23] The Court is persuaded by the analysis in *Elam v. Ryder Auto. Operations, Inc.*, a decision of the District Court for the Western District of New York.[24] *Elam* considered *Anderson* and noted that *Anderson* did not cite anything to support the court's decision. In addition, the court in *Elam* noted that while a party may move to quash a subpoena, failure to set out the text of the Rule is not one of the grounds on which the party may do so. The court in *Elam* concluded that "[t]o quash a subpoena as procedurally defective under these circumstances would be to elevate form over substance, an invitation that the court declines."[25] Without a showing of prejudice, the court said, it would not quash the subpoena.

Island Tile has not only failed to make any showing of prejudice caused by Plaintiff's failure to include the text, but it has not even moved to quash the subpoena. Instead, its representative appeared at the deposition, answered questions and produced documents. If the subpoena were truly fatally flawed, as Island Tile urges, one wonders why Island Tile's representative appeared at all and did not move immediately to quash it.

■■ Form can, at times, matter a great deal. As noted above, the text requirement of Rule 45(a)(1)(A)(iv) was included to ensure that non-parties are sufficiently protected from undue expense and burden by informing them of their rights to oppose or limit disclosure. Where a non-party is unrepresented by counsel, this requirement serves a noble purpose. Here, though, the non-party is represented by counsel, who ought to be fully aware of the protections afforded by Rule 45(c) and (d). Further, counsel failed to move to quash the subpoena or object until a Motion to Compel was filed many months later. The Court, therefore, cannot find that the Rule's purpose is served by quashing the subpoena

---

[23] *Compare Finley v. Count of Martin*, No. C-07-5922 EMC, 2009 U.S. Dist. LEXIS 98507 (N.D.Cal. Oct. 13, 2009) (citing *Anderson* and deciding that the failure to include the text is sufficient grounds to grant the Motion to Quash), *and Kutrip v. City of St. Louis*, No. 4:05-CV-358, 2009 U.S. Dist. LEXIS 66800 (E.D.Mo. July 30, 2009) (same), *with Pivitol Colorado II, LLC v. Triple M Beteiligungs-GMBH & Co. KG*, No. 07-CV-01991-WDM-KMT, 2008 U.S. Dist. LEXIS 11570 (D.Colo. Feb. 6, 2008) (deciding that the failure alone to include the text is not sufficient grounds to quash it when the attorney did not object), *and Elam v. Ryder Auto. Operations, Inc.*, 179 F.R.D. 413, 415 (W.D.N.Y 1998) (holding that failure to include the text is not a ground on which a subpoena may be quashed).

[24] 179 F.R.D. 413.

[25] *Id.* at 415.

*nunc pro tunc* or denying the Motion to Compel on the basis of a procedural defect.

## II. PLAINTIFF PROPERLY MOVED TO COMPEL PRODUCTION OF DOCUMENTS.

One of Island Tile's many objections to the Motion to Compel is that, it argues, Plaintiff may not obtain an order compelling the production of documents against a non-party via a Rule 37[26] Motion to Compel.[27] Island Tile raises this as a general objection in the Stipulation. However, as the Court reads it, Plaintiff is seeking an order to compel Island Tile's representative to answer deposition questions under Rule 37, and is moving for an order compelling production of documents under Rule 45.

■ Both motions are proper. Before seeking sanctions, a party may move to compel deposition responses. The party is entitled to do so under Rule 37(a)(3)(B)(i), which permits it to move for an order compelling a response from any "deponent;" the Rule does not require that the deponent be a party.

■ Plaintiff may also move to compel production of documents pursuant to Rule 45. Rule 45(c)(2)(B) provides that a subpoenaed non-party may object to the subpoena duces tecum. Island Tile did just that. Once the objections are made, the subpoenaing party may move the Court for an order compelling production. That is what Plaintiff has done. Therefore, Plaintiff, citing Rule 37 and Rule 45, properly moved for an order compelling responses to deposition questions and compelling production of documents from a non-party.

■ Island Tile is correct that Plaintiff cannot seek sanctions against a non-party for failure to produce documents by way of a Rule 37(a) Motion. As Island Tile notes, in *SEC v. Kimmes*,[28] the District Court for the Southern District of New York held that a party cannot obtain an award of expenses for a non-party's failure to comply with a subpoena

---

[26] Rule 37 of the Federal Rules of Civil Procedure applies to matters before the Superior Court by operation of Superior Court Rule 38, which states that "[d]epositions and discovery shall be had in the Superior Court of the Virgin Islands, pursuant to the provisions of Rule 26 to 37, inclusive, of the Federal Rules of Civil Procedure." SUPER. CT. R. 38.

[27] Although, as stated above, Island Tile did not respond to the Motion to Compel, it raised this argument in the Stipulation.

[28] No. M18-304, 1996 U.S. Dist. LEXIS 19049 (S.D.N.Y. Dec. 24, 1996).

duces tecum. However, the alleged failure to comply with the subpoena duces tecum is not the only issue before the Court. Plaintiff also alleges that Island Tile's representative failed to respond completely to deposition questions, necessitating a Rule 37(a)(3)(B)(i) Motion, which, if granted, would entitle Plaintiff to an award of expenses under Rule 37(a)(5)(A).

## III. PLAINTIFF HAS COMPLIED WITH THE PROCEDURAL REQUIRE-MENTS OF LRCi 37.1 AND 37.2.

■ Island Tile also objects to the Stipulation provided by Plaintiff. Both parties signed a Stipulation pursuant to LRCi 37.2, which was attached to Plaintiff's Motion. Rule 37.2(a) requires the parties to set forth in their Stipulation a statement that they are unable to resolve their differences and certifying their compliance with the meet and confer requirements of LRCi 37.1. They have done so. Island Tile argues that the Stipulation is not proper because Plaintiff does not cite any authority or make any contentions in the Stipulation, citing Rule 37.2(b). However, the requirements of Rule 37.2(b) do not apply to stipulations; they apply to motions. While Island Tile decided to treat the Stipulation as a kind of combined motion and response, making all of its arguments within the Stipulation and choosing not to respond to the actual Motion once it was filed, Plaintiff is entitled to set forth her authority and arguments in a separate motion, attaching the Stipulation to it. This objection is meritless.

## IV. PLAINTIFF'S MOTION TO COMPEL ISLAND TILE TO MORE FULLY ANSWER DEPOSITION QUESTIONS.

Plaintiff objects to a number of answers provided by Michael Cordiner, Island Tile's designated representative, during deposition. Most of the answers objected to consist of some form of "I don't know." Plaintiff argues that Island Tile has adequate information within its possession to fully answer the questions, and its failure to designate a deponent who was prepared to answer those questions constitutes sanctionable conduct. Island Tile responds[29] that it did not have sufficient time to prepare all of the documents for the subpoena duces tecum and also prepare its representative for the deposition. It had approximately thirty (30) days to

---

[29] Again, its arguments are contained within the Stipulation, as it never filed a Response to the Motion to Compel.

do so, but the deposition took place right after the winter holidays and the scope of the requests, according to Island Tile, was broad.

■ The failure of a corporation to fully prepare its designee for a deposition " 'is tantamount to a failure to appear,' " which is sanctionable under Rule 37(d).[30] While a subpoenaing party is not entitled to receive the particular responses it wants,[31] it is entitled to question a representative "who can answer questions that are both within the scope of the matters described in the notice and are 'known or reasonably available' to the corporation."[32] If a matter is "known or reasonably available" to the corporation, then the designee must be prepared to answer questions about it. The issue, therefore, is not whether the particular deponent knew the answer or acted in good faith, but whether the corporation satisfied its obligation to ensure that the deponent knows what the corporation either knows or should know about a topic. Such an interpretation

> is necessary in order to make the deposition a meaningful one and prevent the sandbagging of an opponent by conducting a half-hearted inquiry before the deposition but a thorough and vigorous one before the trial. This would totally defeat the purpose of the discovery process. The Court understands that preparing for a Rule 30(b)(6) can be burdensome. However, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.[33]

With these requirements in mind, the Court turns to Plaintiff's particular objections.

*Question*[34] *1:*

Plaintiff inquired about the purpose of Island Tile's checks to Cordiner. Island Tile states that Cordiner was truthful in his reply, and that if

---

[30] *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 305 (3d Cir. 2000).

[31] *Shillingford v. Hess Oil of the Virgin Islands*, Civil Action No. 93-232, 2008 U.S. Dist. LEXIS 91957, at *7 (D.V.I. Nov. 4. 2008).

[32] *Ross v. J.P. Morgan Chase*, No. Civ. 2001/0040, 2003 U.S. Dist. LEXIS 24523, at *3 (D.V.I. Oct. 30, 2003) (quoting *Starlight Intern. Inc. v. Herlihy*, 186 F.R.D. 626, 638 (D.Kan. 1999)).

[33] *Starlight Intern. Inc.*, 186 F.R.D. at 640.

[34] The Court refers to the questions posed by Plaintiff as "Questions." Island Tile refers to the topics as "Objections." Because a non-party may file "objections" to topics for which they

Cordiner could have been more thorough, his failure to do so was the result of not having sufficient time to prepare for the deposition. Island Tile also objects to the relevancy.

 It would seem rather incredible that Island Tile does not know the purpose of a number of payments made to Cordiner. If Island Tile knows it, Cordiner should have known it. Although burdensome, it was Island Tile's responsibility to fully prepare Cordiner for any inquiries within the scope of the Notice. This question is clearly within the scope of the Notice, as Exhibit A to the Subpoena, which set forth the deposition topics, lists "[a]ny payments from Island Tile to Michael Cordiner, including but not limited to loans, donations, salaries, or cash."

Island Tile suggests that, even if the topic was within the scope of the Notice, Plaintiff's stated reasons for its relevancy fall short. Plaintiff states in the Stipulation that she required this information to test Cordiner's claim to co-employee immunity under the Workers' Compensation Act. Island Tile states that, "[i]nsofar as the evidence truly relates to actions taken without Island Tile, that information is necessarily and logically without the scope of information available to Island Tile." However, Plaintiff states that the information about the payments to Cordiner is relevant to challenging Cordiner's defense of immunity by piercing the corporate veil. The Court agrees with Plaintiff. Such payments may prove or disprove Plaintiff's theory and bolster or defeat Cordiner's defense. The fact that items to prove or disprove Cordiner's liability are in the possession of Island Tile is of no moment. Because they are discoverable, even a non-party must produce them. The Motion to Compel a response to Question One will be granted.

*Question 2:*

 Here, Plaintiff asked about a check marked as Exhibit 6 to the Deposition and Exhibit 12 to the Motion. It is a check from Island Tile to Cordiner Enterprises. Island Tile argues, as it did in response to Question 1, that Cordiner was being honest in his response and is not required to know everything, especially with such little time to prepare for the deposition. As the Court addressed in Question 1, this is not a sufficient

_____

are subpoenaed, the Court will avoid using that term to refer to the areas in which Plaintiff seeks relief.

response to a Motion to Compel discoverable information that is either known or should be available to Island Tile. Therefore, the Motion to Compel a response to Question 2 will be granted.

In fact, because Island Tile's response to Plaintiff's concerns about Questions 4, 11, 15, and 20 is substantially the same as its response to Question 2, Plaintiff's Motion to Compel will be granted as to those questions as well. Insofar as Island Tile raises the issue of sufficiency of time to prepare in response to any other question, that argument is rejected.

### Questions 3, 6, 7, 8, 9, 10, 13:

Island Tile is correct that these questions relate to the production of documents, rather than responses to deposition questions. Therefore, they will be addressed in the next section of this Opinion. To the extent Island Tile objects that it did not have time to adequately answer the question, that argument has already been addressed.

### Question 5:

 In addition to claiming that Cordiner did not have sufficient time to prepare a response to this question about transfers of money between Island Tile and Cordiner Enterprises in 2007-2009, Island Tile also states that the question was answered elsewhere in the deposition. Island Tile notes that Cordiner said such payments were "either as loans or as payments for work completed."[35] Island Tile either knows what the loans or payments were for, or should have this information available to it. Therefore, Cordiner, as the designated deponent, should also have known the answer. Plaintiff's Motion to Compel is granted as to Question 5.

### Questions 11, 15, 20:

In response to these questions, Island Tile states that it did not have sufficient time to respond to this question. As discussed above, that argument is not persuasive. The Motion to Compel is granted as to these questions.

---

[35] (Island Tile Dep. 37:24-25.)

*Question 12:*

▉ Island Tile objects that this question, which requests information about a personal injury lawsuit against Island Tile, is beyond the scope of the Notice. The Court agrees. While such information may be discoverable, Plaintiff did not subpeona Island Tile to answer questions about it. The Motion to Compel will be denied as to Question 12.

*Questions 14, 17, 18:*

Island Tile objects to these questions in part because it states that it did not have sufficient time to respond to these questions. As discussed above, that argument is not persuasive. However, it also states that any questions about Island Tile's workers' compensation coverage are irrelevant because Island Tile has been dismissed. By separate Order issued today, the Court has granted Plaintiff's Motion to Reconsider. Because Island Tile will be brought back into this litigation, this objection is moot and the Motion to Compel will be granted as to these questions.

*Question 16:*

▉ Island Tile objects to this question in part because it states that it did not have sufficient time to respond to this question. As discussed above, that argument is not persuasive. Island Tile also argues that this question, which is about the cost of shipping marble slabs, is outside the scope of the subpoena. However, Exhibit A to the subpoena requires Island Tile's representative to be prepared to discuss payments to Mystic. Plaintiff alleges that Island Tile purchased over $400,000 in marble from Mystic over a three-year period, including the marble that eventually was involved in the incident that caused Bertrand's death. The shipping costs for that marble are certainly within the scope of "payments made to Mystic" noticed within the subpoena exhibit. The Motion to Compel will be granted as to this question.

*Question 19:*

▉ Island Tile objects to this question because, it states, Plaintiff seeks the Court to compel an answer to a question asked not by Plaintiff, but by counsel to Cordiner Enterprises. The Court agrees that this is improper. If Cordiner Enterprises wishes to compel Island Tile's representative to answer this question, it may; it is not for Plaintiff to do so. The Motion to Compel will be denied as to Question 19.

264

In sum, the Court will grant the Motion to Compel as to questions 1-2, 5, 11, 14-18, and 20, relating to Cordiner's responses to deposition questions on behalf of Island Tile.

## V. PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCU-MENTS.

As noted above, in addition to moving to compel more complete answers to deposition questions, Plaintiff requests that the Court compel the production of certain documents. Island Tile did not address the requested documents in its Stipulation, and by letter dated December 28, 2010, Island Tile indicated it had no objection to the production of many of the documents.

Island Tile correctly identified a number of deposition questions that relate instead to the production of documents. The Court will address each in turn:

*Questions, 6-10, 13:*

■ In response to these questions, Island Tile's only objection is that these are requests for production, rather than questions, and it did not have time to locate the documents. The Motion to Compel will be granted as to these Questions and Island Tile will be directed to produce the documents.

*Documents:*

■ Plaintiff identifies a number of document requests in her Motion to Compel to which, she states, Island Tile failed to respond. Island Tile did not address these document requests in its Stipulation and did not respond to the Motion to Compel. Therefore, the Court has no basis on which to assess its objection, if it has one, to the production of these documents. The Motion to Compel will be granted as to these documents. In fact, if the question was only whether Island Tile had sufficient time to locate and produce the documents, such an objection should have been cured in the intervening three months between the time of the subpoena's return date and the date of the Motion to Compel. If that is the only objection to the production of these documents, the Court is puzzled as to why there is even a Motion to Compel before it and why Plaintiff and Island Tile were unable to resolve this dispute between themselves without court intervention.

265

## CONCLUSION

The Court concludes that Rule 45's textual requirement supplements Superior Court Rule 11, but that the failure to include the text of Rule 45(c) and (d) does not render the subpoena fatally flawed under these circumstances. Plaintiff's Motion to Compel, which complies with LRCi 37.2, will be granted as to most of its deposition questions and as to all of its document requests. By separate Order, the Court will direct Island Tile and Plaintiff to meet within fourteen days of this Order to decide on a return date for the documents. During that conference, Island Tile and Plaintiff must also decide when to re-depose Island Tile, which must occur within forty-five (45) days of entry of this Order.